[10,073.]

## THE PEOPLE *v.* WOODY.

ASSAULT WITH INTENT TO COMMIT ROBBERY.—When it appears on the trial that a defendant charged with an assault with intent to commit robbery,

presented to a traveler on the highway a cocked pistol, and said, "stop, or I will shoot you," it is the province of the jury to determine from the acts of the defendant, and from all the surrounding circumstances, whether the defendant intended to commit robbery, or was actuated by some other purpose.

ERROR AFTERWARDS CURED.—Error of the Court in refusing, in a criminal case, to allow the defendant to ask a witness a question, is cured by afterwards permitting the witness to answer the same question.

APPEAL from the County Court of Santa Cruz County.

The facts are stated in the opinion.

*H. Heath*, for Appellant.

*Attorney-General Love*, for Respondent.

By the Court, CROCKETT, J.:

The defendant was convicted of an assault with intent to commit robbery; and has appealed from the judgment and from an order denying his motion for a new trial. The point chiefly relied upon on the appeal is, that the evidence did not justify the verdict.

The facts disclosed by the evidence are, that two men on horseback, about eleven o'clock at night, on the highway near the town of Santa Cruz, were stopped by the defendant, who advanced from the side of the road so as to intercept them, and when about ten feet distant, presented a cocked and loaded revolver, saying, "stop, stop, or I'll shoot you." The men halted, and one of them drawing a revolver, and the other lowering a rifle, they ordered the defendant to drop his pistol and hold up his hands, which he did; but immediately started to run away. The man with the rifle called to him to stop, or he would shoot him. He then stopped, and being arrested, was taken into town, where they released him from custody; but, on consulting another person, decided again to arrest him, which they did in about half an hour after his release, the defendant in the meantime having made no effort to escape. It further appeared that about eight o'clock that evening the defendant borrowed the revolver in a saloon in Santa Cruz, in the presence of several persons, without any attempt at con-

cealment, saying that he had information which induced him to believe or suspect that certain members of the Vasquez band of robbers were concealed in a house near the place where the assault afterwards occurred, and that he was going to watch for them, and might need a pistol while thus engaged.

The defendant, while testifying on his own behalf, admitted that the assault occurred in the manner above stated; but said that before stopping the men, he saw that one of them was armed with a rifle; and the theory of the defense is that his object in stopping them, was to ascertain whether they were Mexicans or suspicious characters, who probably belonged to the Vasquez band.

It was peculiarly the province of the jury to determine from the acts of the defendant and all the surrounding circumstances, what his purpose was in stopping persons on the public highway, at eleven o'clock at night, with a cocked and loaded revolver, presented at short range.

This is the usual method in which highway robberies are committed; and an assault under such circumstances not only affords *prima facie* evidence of an intent to rob, but if unexplained, would be sufficient to warrant a conviction for an attempted robbery. The jury heard the defendant's explanation, and it was for them to decide upon its credibility. Possibly they may have believed from all the circumstances and from the manner of the defendant on the stand, that the previous avowal of his intention to hunt for members of the Vasquez band, was only a pretense to divert suspicion, and disguise his real motive. The theory that he stopped the men for the mere purpose of ascertaining whether they were probably members of the Vasquez gang, is not plausible. A sane man armed only with a revolver, at eleven o'clock at night, would not have been apt to stop upon the public highway two of those noted bandits, whom he knew to be well armed. It was for the jury to weigh all these circumstances in deciding upon the motives of the defendant, and we cannot say that there was not sufficient evidence to support the conclusion at which they arrived.

The only remaining point is that the Court erred in re-

fusing to permit the defendant to answer a question propounded by his counsel, as to what his motive was in stopping the men on the road. A complete answer to this point is, that the question was afterwards substantially repeated, and permitted to be fully answered. He gave his own version of the whole transaction, and said, "I stopped them for the purpose of seeing who they were." There is no error in the record.

Judgment affirmed. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.