[Crim. No. 838.   Department Two.—December 14, 1901.]

THE PEOPLE, Respondent, v. F. L. HITE, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO ROB—INTENTION—QUESTION FOR JURY—SUPPORT OF VERDICT.—Upon the trial of a defendant charged with an assault with intention to commit robbery, where it was shown that a violent and unlooked-for assault was made upon the prosecuting witness, while half drunk, by the defendant and another person, at an hour of the night and under circumstances usually indicative of an intention to rob, which assault was interrupted, without robbery, by their flight, upon outcries being made by the prosecuting witness, the question of the intention to rob, under the circumstances of the case, was peculiarly one of fact for the jury to determine, and their verdict of guilty will not be disturbed for insufficiency of the evidence to prove such intention.

ID.—REQUESTED INSTRUCTIONS—FORMS OF VERDICT ASSENTED TO—ESTOPPEL OF DEFENDANT.—Where the court, at defendant's request, charged the jury that they either find the defendant guilty of every element of the offense charged, beyond a reasonable doubt, or must acquit, and defendant's counsel assented to the framing of two forms of verdict only,—one of "Guilty of an assault with intent to rob," and the other "Not guilty,"—the defendant cannot be heard to complain that the action of the court was an instruction that the jury could not find the defendant guilty of the lesser crime of assault.

ID.—TRANSMISSION OF FORMS TO JURY BY SHERIFF—ABSENCE OF OBJECTION—PRESUMPTION UPON APPEAL.—An impropriety in transmitting the forms of verdict to the jury by the sheriff is not to be presumed prejudicial to the defendant, where it appears that he was present when the forms were prepared, and assented thereto, and

the record does not show any objection to their transmission by the sheriff. It is to be presumed, where the record does not show the contrary, that the defendant was present when the forms were delivered to the sheriff, and no error appears in the absence of objection made at the time.

APPEAL from a judgment of the Superior Court of Tehama County and from an order denying a new trial. Edward Sweeny, Judge presiding.

The facts are stated in the opinion.

Seth Hamilton, and Frank Freeman, for Defendant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GRAY, C.—The defendant appeals from a judgment convicting him of an assault with intent to commit robbery and from an order denying him a new trial.

1. The principal point urged on this appeal is, that the verdict is not supported by the evidence; that there is no evidence to show that defendant intended to rob the prosecuting witness, Howard.

There is evidence in the case to warrant the following statement of facts: The defendant met Howard for the first time, at one o'clock on the morning of the tenth day of June, 1901, in Hudson's saloon, in the town of Red Bluff. During the next two hours the defendant, Howard, and a man named German had several drinks together in that saloon. German and the prosecuting witness had also met for the first time on that night. The defendant and German had been acquainted for several days prior thereto. At three o'clock on said morning, Howard left said saloon, with the view of going to bed at the Red Bluff Hotel, where he was registered. He was followed by German and the defendant, though he seems not to have been aware that he was followed until near the hotel, when German and the defendant approached him, and defendant asked him where he was going, to which he replied, "Going to the Red Bluff Hotel, to go to bed," whereupon defendant or German remarked that they would take care of him, and each took him by an arm, and after trying the door of the barroom of the hotel and finding it locked, they shoved

Howard across the sidewalk toward the street, and the defendant struck him on the back part of the top of the head with some kind of an instrument which left an abrasion and a lump as big as a man's fist. Upon the delivery of this blow, all three of the parties seem to have gone headlong into the street, Howard falling on the bottom and the others being above him. Howard immediately raised an outcry of "Murder," "Highway robbery," and "Police." The defendant and German immediately fled from the scene. An officer, who was watching the proceedings from a point of concealment, gave chase and ran by where the defendant stood in the street in the shadow of some trees, recognized defendant, and, as he knew him and knew where he worked, went on in pursuit of German. Some fifteen minutes later he returned to the stable where defendant worked, and found him hitching up a horse for a patron of the stable. The prosecuting witness had about twenty-five dollars in gold and silver, and had paid for the drinks at the saloon once, and, as the barkeeper testifies, had rattled the money in his pocket in presence of defendant. He missed none of this money. On this evidence, it was the peculiar province of the jury to determine the question of the intention with which this violent and unlooked-for assault was made upon a half-drunken stranger at three o'clock in the morning. This is the time and this is the way in which robberies are sometimes committed, and we are not greatly surprised under the circumstances that the prosecuting witness thought himself in the hands of robbers and cried out "Murder," "Highway robbery," etc.; nor is it a matter of wonder that the jury drew the same inference and the trial judge reached the same conclusion.

Our position in refusing to interfere with the decision of the trial court on what seems to be purely a question of fact finds support in the following well-considered cases: *People* v. *Woody*, 48 Cal. 80; *People* v. *Johnson*, 131 Cal. 511. We quote from the latter case: "The intent of a person cannot be proven by direct and positive evidence. It is a question of fact, to be proven like any other fact, by acts, conduct, and circumstances. . . . It was the peculiar province of the jury to find the intent. . . . If the facts proven were such that the jury might reasonably infer the intent to be as found by them, we would not be justified in disturbing the finding. We can-

not say, as a matter of law, that the jury was not justified in finding the intent as alleged from the acts of defendant and the circumstances under which they were committed.''

2. At the request of the defendant, the jury were instructed as follows:—

''The defendant is charged with an assault committed upon the person of one Frank Howard, with the intent then and there to commit robbery.

''The prosecution must prove every element of the crime with which defendant is charged beyond a reasonable doubt, or you must acquit; that is to say, that an assault was in fact committed, and that such assault was committed with the intention to commit robbery.

''In order to convict, you must believe from the evidence, beyond a reasonable doubt, both that the defendant committed an assault as charged, and that said assault was committed with the intent to commit robbery.''

While the jury were deliberating upon their verdict, the court being engaged in the trial of another defendant, charged with complicity with the defendant herein in the same crime of which this defendant stands convicted, the sheriff appeared and announced that the jury desired to have sent to them all forms of verdict which might be rendered against defendant under the information, whereupon the respective counsel for the parties to this action started in to prepare forms; but the court being of the opinion that this would delay the trial of the case then before it, suggested to counsel that he himself would prepare the forms of verdict, whereupon he framed two forms,—one ''Guilty of an assault with intent to commit robbery,'' and the other ''Not guilty,''—and presented these forms of verdict to the respective attorneys for the people and the defendant, and they expressed their satisfaction with them. The forms were then given by the judge to the sheriff, and by the latter to the jury. This is complained of, first, because the action of the court was in effect an instruction to the jury that they could not find the defendant guilty of the lesser crime of assault. It is not unusual for counsel for the defense in cases of this character to take the position that his client is either guilty of the highest crime charged against him in the information, or else he is not guilty of anything, thus taking chances on a conviction of the highest offense, an

acquittal, or a disagreeing jury, in preference to a compromise verdict of a lesser crime. This was the theory pursued by defendant's counsel herein, as shown by the quoted instruction. The court having also adopted this theory in its instructions, at the special instance of defendant, the latter will not now, in the absence of any effort upon the trial to change his theory, be heard to complain because the court continued true to that theory to the end of the case. Another objection urged is, that it was improper to thus transmit to the jury forms of verdict by the hands of the sheriff. We think this was improper, perhaps; but what harm could it have done under the circumstances disclosed here? And, besides, the counsel for defendant was present when this was done and no objection was made to it, but the counsel seems to have actively cooperated in the doing of this very thing that he now complains of as an invasion of his client's rights. We presume—the record not showing the contrary—that the defendant was also present when the forms were delivered to the sheriff. In the absence of the objection that might have been made at the time, we see no error.

We advise that the judgment and order be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.