[Crim. No. 199. Second Appellate District.—September 25, 1911.]

THE PEOPLE, Respondent, v. H. A. McNABB, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT ROBBERY—SUPPORT OF VERDICT.—Where the defendant charged with the crime of an assault with intent to rob the complaining witness was positively identified by such witness as being one of two men who attempted to rob him at the time and place stated in the information, such testimony, if believed by the jury to be true, was sufficient to support the verdict of the jury of guilty of the offense charged.

ID.—IMPROPER EXAMINATION OF WITNESS BY DISTRICT ATTORNEY—RULING — INSTRUCTION TO DISREGARD OFFER — DEFENDANT NOT PREJUDICED.—Where the district attorney asked a witness whether he had heard the defendant state in the presence of others that he was going into the hold-up business, and an objection of defendant's counsel thereto was sustained, and the district attorney concluded the examination of the witness, and the court promptly told the jury to disregard the offer of such proof, and no exception was assigned as to misconduct of the district attorney in asking the question, it sufficiently appears that the rights of the defendant were promptly safeguarded by the action of the court, and prejudice could not be reasonably said to have resulted from the mere asking of the improper questions under the circumstances.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Earl Newmire, and Isidore Morris, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of assault with intent to commit robbery. By the judgment it was ordered that he be imprisoned in the state prison for a period of two years. The judgment and also an order denying defendant's motion for a new trial are appealed from. But two points are urged as grounds for reversal. It is contended, first, that the evidence was insufficient to justify the verdict; and, second, that the district attorney was guilty of prejudicial misconduct in asking certain questions of a witness relative to statements alleged to have been made by defendant prior to the commission of the crime charged.

The evidence was sufficient to justify the verdict. The complaining witness testified to the attempt made by two men to rob him on the evening of January 27, 1911, as he left a car on his way home, and within the easterly limits of the city of Los Angeles. He told how he had wrestled with one of his assailants and after escaping from him had run to his home near by and telephoned to the police; that he had then returned to the place where he had been assaulted and found the defendant not far away. The latter was leaving the scene of the assault and appeared to be intoxicated. Complaining witness pursued and overtook him and caused him to be detained until a policeman arrived. Complaining witness further testified positively that the defendant was one of the two men who attempted to rob him. If the jury believed this testimony to be true, as it must be assumed it did, then the verdict as rendered was the proper one to be returned. In no view of the case can it be said that the evidence was insufficient to support the conclusion of the jury.

While a witness named Powell was being examined at the trial the district attorney asked him several questions touching a statement alleged to have been made by defendant a few days prior to the day on which the attempted robbery was committed. The question finally propounded to the witness was as follows: "Q. Did Mr. McNabb at that time, in the presence of other people, say he was going into the hold-up business?" To this and preceding preliminary questions the defendant's counsel objected. Defendant's counsel made a general objection that the matter sought to be elicited was incompetent, irrelevant and immaterial and this objection was sustained. The district attorney then announced that he had finished with the witness, and the court, without any request from counsel prompting him so to do, addressed the jury and said: "The jury will disregard the offer to prove this matter." It was not pointed out specifically, either by any objection of counsel to the questions indicated, or any exception then taken, that misconduct was attributable to the district attorney on account of his having pursued this line of examination. If we admit that the matter sought to be brought out was subject to the objections as made, which we do not decide, it does appear that the trial judge was careful to admonish the jury and directed it to disregard the offer to prove the matter objected to. And conceding that a proper exception has been preserved (which, in our opinion, the record fails to show, under the decisions in *People* v. *Ah Fook,* 64 Cal. 380, [1 Pac. 347]; *People* v. *Kramer,* 117 Cal. 650, [49 Pac. 842]; *People* v. *Frigerio,* 107 Cal. 153, [40 Pac. 107]; *People* v. *Osborn,* 12 Cal. App. 148, [106 Pac. 891]), still it does clearly appear that the rights of defendant were fully guarded and that prejudice could not reasonably be said to have resulted where the court so promptly admonished the jury to disregard the matter which defendant claims was improperly suggested by the questions of the district attorney.

In our opinion, this appeal is without substantial merit, and the judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.