EL PUEBLO, DEMANDANTE Y APELADO, *v.* LIMA, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao
en causa por infracción del artículo 162 del Código Penal.

No. 979.—Resuelto en abril 28, 1916.

DELITO CONTRA EL DERECHO ELECTORAL—DERECHO ELECTORAL—INSCRIPCIÓN DE
ELECTORES—RESIDENCIA—CONCLUSIÓN LEGAL.—En este caso la acusación ex-
presa que el acusado se hizo inscribir en el registro de electores a sabiendas
de que no tenía derecho a tal inscripción ''por carecer de la residencia legal
que determina la sección 16 de la ley electoral vigente.'' *Se resolvió:* que
esto constituye más bien una conclusión legal que la exposición de un hecho
concreto y que el Fiscal no debió referirse a la ley sino expresar con palabras
claras y terminantes qué residencia necesitaba tener el acusado para inscribirse.

ACUSACIÓN—REQUISITOS DE LA ACUSACIÓN—INFORMACIÓN AL ACUSADO.—La acu-
sación debe contener tal especificación de hechos y circunstancias descriptivas
que de la faz de la misma resulte posible el fijar y determinar la identidad
del delito con tal particularidad que el acusado pueda saber exactamente lo
que tiene que alegar como contestación y hacer uso de una condena o abso-
lución como obstáculo legal para un nuevo proceso que surja de los mismos
hechos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Arturo Aponte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La acusación en este caso, copiada en lo pertinente, es como sigue:

"El citado acusado en uno de los días del mes de julio de 1914, en Naguabo, que pertenece al Distrito Judicial de Humacao, P. R., allí y entonces voluntariamente, se hizo inscribir en el registro de electores del municipio de Naguabo, precinto de Naguabo, a sabiendas de que no tenía derecho a tal inscripción, por carecer de la residencia legal que determina la sección 15 de la Ley Electoral vigente."

Después de llamado el caso para juicio y de leída la acusación, el acusado alegó que la acusación no aducía hechos constitutivos de delito público y su alegación fué desestimada por la corte. Se practicaron pruebas y se dictó sentencia condenado al acusado y entonces éste interpuso el presente recurso de apelación.

En su alegato el apelante insiste en que los hechos consignados en la acusación no son bastantes para que se entienda imputado en debida forma el delito perseguido, ya que la expresión "por carecer de la residencia legal que determina la sección 15 de la Ley Electoral vigente," constituye más bien una conclusión legal que la exposición de un hecho concreto que junto con los demás establecidos en la acusación integre la comisión de un verdadero delito.

Estamos conformes con el apelante. La acusación debe por sí misma describir en su totalidad el hecho imputado. El Fiscal no debió referirse á la ley sino expresar con palabras claras y terminantes qué residencia necesitaba tener el acusado para inscribirse. Véase *El Pueblo* v. *Gabino,* decidido el 25 de abril actual.

"La acusación deberá contener," dice Cyc., resumiendo la jurisprudencia sobre la materia, "tal especificación de hechos y circunstancias descriptivas que de la faz de la misma resulte posible el fijar y determinar la identidad del delito con tal particularidad, que el acusado pueda saber exacta-

mente lo que tiene que alegar como contestación y hacer uso de una condena o absolución como obstáculo legal para un nuevo proceso que surja de los mismos hechos.'' 22 Cyc. 295.

Debe revocarse la sentencia apelada y absolverse al acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.