EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN
PACHECO RODRÍGUEZ, acusado y apelante.

No. 3284.—*Visto:* Noviembre 9, 1927. *Resuelto:* Noviembre 23, 1927.

1. ROBO—ACUSACIÓN FISCAL—ATAQUE CON INTENCIÓN DE COMETER ROBO—DES-
   CRIPCIÓN DE LA PROPIEDAD.—En una acusación por el delito de ataque con
   intención de cometer robo, no es necesario describir la propiedad que el acu-
   sado intentaba sustraer.
2. INDICTMENT Y ACUSACIÓN — ACUMULACIÓN DE PARTES, DELITOS, CARGOS
   *(Counts),* DUPLICIDAD Y ELECCIÓN—DUPLICIDAD EN GENERAL—DELITOS VA-
   RIOS PARTE DE UNA MISMA TRANSACCIÓN.—Cuando un delito es un elemento
   esencial de otro mayor, la acusación no incurre en duplicidad al imputar
   ambos delitos; al contrario, se ha resuelto que sería fatalmente defectuosa
   si así no lo hiciera.

SENTENCIA de *Angel Acosta,* J. (Ponce), condenando al acusado por
   delito de ataque con intención de cometer robo, con costas. *Con-*
   *firmada.*

*Leopoldo Tormes,* abogado del apelante; *José E. Figueras,* abogado
   de *El Pueblo.*

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
   tribunal.

El apelante fué convicto de un delito de ataque con in-
tención de cometer robo y alega que la acusación no contiene
una descripción suficiente de la propiedad en cuestión, a la
que se hace referencia solamente como "dinero que llevaba
y pertenecía al perjudicado,"—y que la acusación imputa

dos delitos porque le acusa no solamente de ataque con intención de cometer robo, sino también de acometimiento y agresión.

En el alegato del apelante se cita la Carta Orgánica, el Código de Enjuiciamiento Criminal, el caso de *El Pueblo* v. *Lima*, 23 D.P.R. 761, el artículo 222 de nuestro Código Penal, el 220 del Código Penal de California, y los casos de *People* v. *Jones,* 53 Cal. 58; *People* v. *Crowley,* 100 Cal. 478; *People* v. *Hicks,* 66 Cal. 103; *People* v. *Aummerman,* 118 Cal. 25–27; *El Pueblo* v. *Piris,* 32 D.P.R. 941; *El Pueblo* v. *Castro,* 32 D.P.R. 946, y *People* v. *Ball,* 14 Cal. 101.

Después de discutir y de establecer la diferencia existente entre los casos mencionados por el apelante, el fiscal cita de la opinión dictada por la Corte Suprema de Indiana en el caso de *Hamilton* v. *The State,* 10 Am. Rep. 22, en el que, según se dice en el sumario, "la acusación imputaba al acusado el delito de ataque con intención de sustraer de G. H. J. un billete de $5," y "*se resolvió,* que procedía declarar al acusado culpable, no obstante el hecho de que G. H. J. no tenía sobre su persona un billete de $5 en el momento del ataque."

Sobre este punto se menciona también el caso de *People* v. *Woody,* 48 Cal. 80, como que resolvió que—

"Cuando en el juicio se demuestra que un acusado a quien se imputa el delito de ataque con intención de cometer robo se enfrentó con un viandante en la carretera y le apuntó con una pistola y le dijo 'párese o le disparo,' es de la incumbencia del jurado determinar de los actos del propio acusado, así como de las circunstancias que rodean el caso, si la intención del acusado era cometer el delito de robo o si fué movido por algún otro fin."

Finalmente se nos dice que en el caso de *State* v. *Beal,* 41 Am. Rep. 490, la Corte Suprema de Ohio resolvió que "uno que entra en un edificio con intención de sustraer dinero de una caja de seguridad, es culpable de escalamiento, aunque no haya dinero en dicha caja," y se nos llama la atención a las notas que aparecen citadas en dicho caso.

Otro caso más reciente que también viene algo más al punto es el de *People* v. *Holden,* 13 Cal. App. 354. Pero hoy en día es casi innecesario llegar a conclusiones con referencia a cuestiones elementales de procedimiento por medio de paridad de razonamientos o por inferencias *a fortiori* de situaciones más o menos análogas, o por la regla o precedentes establecidos en relación con las mismas. Y cuando no estamos dispuestos a dudar de la corrección de decisiones dadas en otras jurisdicciones, no necesitamos andar a tientas en busca de razonamientos más satisfactorios para aplicar el mismo principio o regla cuando se presenta a esta corte para su resolución la misma cuestión que ya ha sido resuelta. Tampoco es tarea difícil hoy en día determinar el estado actual de la ley en relación con cuestiones que ocurren frecuentemente en la práctica y acerca de las cuales hay muy poca diferencia de criterio entre los abogados.

Así, en el presente caso parece razonablemente claro que—

"Cuando un delito es un elemento esencial de otro mayor, la acusación no incurre en duplicidad al imputar ambos delitos; al contrario, se ha resuelto que sería fatalmente defectuosa si así no lo hiciera." 14 R.C.L. 195, párrafo 40.

Véase también 23 R.C.L. 1151, párrafo 17:

"Y en una acusación por el delito de ataque con intención de cometer robo, no es necesario describir la propiedad que el acusado intentaba sustraer." *Id.* 1163, párrafo 31.

Siguiendo la pauta del texto que acabamos de citar, en el tomo correspondiente del suplemento de dicha obra se nos refiere a una nota sobre el caso de *State* v. *Lewis,* Ann. Cas. 1918 A 403, donde hallamos en la página 412, lo siguiente:

"No se exige la misma particularidad al imputar un delito de ataque con intención de cometer robo como la que se exige al imputar el delito completo."

Y en la misma nota, en la página 414, se dice lo que sigue:

. "Las cortes han establecido como regla general que no es nece-sario, en una acusación por el delito de ataque con intención de co-meter robo, describir específicamente la propiedad que el acusado intentaba sustraer de la persona contra quien dirigió el ataque."

Hemos examinado un número suficiente de los casos ci-tados en apoyo de la regla establecida por los editores y hemos quedado satisfechos de la corrección de esa regla.

*La sentencia apelada debe ser confirmada.*