Grafton,
June 25, 1931.

STATE *v.* MICHAEL IACAVONE *& a.*

*Ralph W. Davis,* attorney-general, *Winthrop Wadleigh,* assistant attorney-general, and *Walter M. Flint,* solicitor, (*Mr. Wadleigh* orally), for the state.

*George W. Pike* and *John F. Cronin* (*Mr. Cronin* orally), for the defendants.

MARBLE, J. At about nine o'clock on the evening of September 27, 1930, the respondents, who were traveling in an automobile, stopped at Grosset's filling-station on the Lyme road near Hanover ostensibly to purchase oil for their car. Two of them alighted, and while Grosset was waiting upon them one of the two struck him over the head with a club.

Grosset resisted the attack and succeeded in knocking the club from his assailant's hand. The two respondents then retreated to the

automobile and drove away, but not before Grosset had noted the number of the car and set the figures down on a piece of cardboard. This cardboard he left in the office of the filling-station and went to a neighbor's house for assistance. An officer was summoned from Hanover, and on his arrival the cardboard was turned over to him. Grosset himself was too severely injured to return to the filling-station.

Police officials in surrounding towns were then notified, and through their efforts the defendants were apprehended. The registration number of their car corresponded to that on the cardboard. In the car the officers found a loaded revolver, a sawed-off shotgun and cartridges. An employee of a garage at Orford, eighteen miles north of Hanover, testified that the respondents stopped there for gasoline at half past nine that evening, saying that they could not pay for it and leaving a wrist watch as security.

The foregoing facts were in evidence when the state rested. The defendants themselves took the stand and denied being at Grosset's filling-station at all. They had been working for a road construction company in Bethlehem and were going back there for their pay checks. They had traveled from Worcester, Massachusetts, that day, and were without money. Gagliastre, who was seventeen years of age, admitted on cross-examination that he had several times been convicted of breaking and entering and larceny, and that he had but recently escaped from the industrial school in Massachusetts. Allastre, nineteen years old, testified that he also had been convicted in Massachusetts of breaking and entering, and that he had been sentenced for the offense and paroled the preceding December.

The presiding justice properly limited the use which could be made of these admissions (*State* v. *Travis*, 82 N. H. 220), and the exceptions relating thereto are understood to be waived.

At the close of the state's evidence the defendants moved for a directed verdict solely on the ground that there was no evidence from which the jury could find an intent to rob.

Robbery is the felonious taking of property from the person of another by force. *State* v. *Gorham*, 55 N. H. 152, 166. "To constitute an assault with intent to rob there must be an assault, the circumstances must have been such that the completed offense would have been robbery, and the assault must have been made with the specific intent to rob. Actual taking and asportation of the property is not necessary, however, and the fact that the intended victim defended himself and prevented the robbery does not tend to prove the absence of the necessary intent." 1 Brill, Cyc. Crim. Law, *s.* 413, and cases cited.

It is elementary that intention may be shown by circumstances; and since this is so, further elaboration of the evidence will appear to be superfluous, for it is difficult to imagine facts from which an intent to rob is more logically inferable.

In this view of the case it is unnecessary to consider the state's contention that the defendants waived their motion by failing to renew it at the close of all the evidence.

The registration number of the defendants' car was 108,722. The cardboard remained in the possession of the police from the evening of the assault until the trial. Grosset, who was taken to the hospital that night, did not profess to remember the number, and while the foundation for the introduction of the exhibit was somewhat cursory and informal, the only reasonable inference to be drawn from Grosset's testimony is that he had no memory about the number which could be revived, but that the memorandum truly stated what he saw at the time it was made. Under such circumstances it was clearly admissible. *Graves* v. *Railroad*, 84 N. H. 225, 227, and cases cited. Counsel for the defendants, in taking their exception, maintained that there was no "possible ground" on which it could be competent.

The morning after the assault a club was found at the filling-station near the spot where Grosset had been attacked. Grosset testified that he was accustomed to keep his yard free from rubbish and that this club was not there when he made his usual inspection just before the respondents arrived. The rule that the conduct of an assaulted person prior to the commission of the offense cannot be shown has no application. The authorities on which the defendants rely are cases holding that, unless self-defence is pleaded, a defendant cannot ordinarily show such conduct in justification of his assault. The defendants' contention that the state failed to prove that the club was ever in their possession "disregards the distinction between conjecture and reasonable deduction." *Saad* v. *Papageorge*, 82 N. H. 294, 295. See also *Upton* v. *Company*, 81 N. H. 489, 492. The exception to the admission of the club as an exhibit is accordingly overruled.

The defendants' possession of the revolver, the sawed-off shotgun, and the cartridges was "so inconsistent with innocence and so consistent with" the intent charged "as to be plainly relevant." *State* v. *Colcord*, 170 Minn. 504, 506. It tended to show that the respondents were forming in their minds a plot to commit a crime of violence on that particular journey. *State* v. *Lapage*, 57 N. H. 245, 305; *State* v. *Davis*, 69 N. H. 350, 352. See also *People* v. *Powloski*, 311 Ill. 284, 288; *Armstrong* v. *Commonwealth*, 190 Ky. 217, 219, 220; *State* v.

*Campbell*, 7 N. D. 58, 62. Whether relevant evidence should be excluded as tending to excite undue prejudice is a question of fact for the trial court. *State* v. *Braley*, 81 N. H. 323; *Gerry* v. *Neugebauer*, 83 N. H. 23, 26, and cases cited.

*Exceptions overruled.*

All concurred.