[Crim. No. 1692.   Third Appellate District.—October 31, 1939.]

THE PEOPLE, Respondent, v. ADOLPH SANCHEZ, Appellant.

J. B. Freeman for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Defendant and one Campos were jointly charged and separately tried for an attempt to commit robbery. From the judgment of conviction of Sanchez he prosecutes this appeal, as well as from an order denying his motion for a new trial.

Two points are here urged: First, the information failed to state a public offense; and second, that the evidence was insufficient to support the judgment.

The information sets forth that "the said Angelo Campos and Adolph Sanchez are accused by the District Attorney . . . by this information, of the crime of attempt to commit robbery, a felony, committed as follows: The said Angelo Campos and Adolph Sanchez did . . . wilfully, unlawfully and feloniously, and by means of force and fear, attempt to take from the person and immediate presence of one Ethel Barkhorn, against the will and without the consent of the said Ethel Barkhorn, and to accomplish said taking by means of force . . . and . . . then and there putting the said Ethel Barkhorn in fear". The designated weakness of the information is the obvious omission of the words "personal property", after the word "take" in the information. This omission, however, is not a fatal defect.

The defendant was informed that he was accused by the information of the crime of attempted robbery, a felony. Section 211 of the Penal Code defines robbery as the felonious taking of personal property in the possession of another, from his person or immediate presence. That, with the meaning of the word "take", which implies the physical seizure of something tangible, was sufficient to inform defendant of the nature of the charge. Furthermore, the testimony taken at the preliminary examination, a copy of which was delivered to defendant, clearly informed him of what he was charged. If any doubt or uncertainty existed in his mind, he should have interposed a demurrer to the information, upon the proper ground. (Sec. 1004, Pen. Code.) In *People* v. *Hinshaw*, 194 Cal. 1 [227 Pac. 156], it was held that an error in the information which did not prevent a defendant of common understanding from being fully informed as to the charge against him, is not prejudicial. In *People* v. *Bonfanti*, 40 Cal. App. 614 [181 Pac. 80], defendant was charged with attempted rape, but the information omitted to allege that the victim

was not the wife of the accused. The court held the evidence supplied the defect, and defendant was not misled by the omission. Perhaps the leading case upon this point is *People* v. *Beesly,* 119 Cal. App. 82 [6 Pac. (2d) 114, 970], where the court considers the sufficiency of an indictment or information under the present statutes. Clearly, the accused here was not misled, or the preparation of his defense impeded by the omission complained of. (See, also, *People* v. *Rankin,* 10 Cal. (2d) 198 [74 Pac. (2d) 71] ; *People* v. *Hirschler,* 98 Cal. App. 499 [277 Pac. 170] ; *People* v. *Pearson,* 69 Cal. App. 524 [231 Pac. 612].)

As to the insufficiency of the evidence appellant urges that there was no testimony showing appellant attempted to rob Mrs. Barkhorn, and that all that appeared from the evidence was an aggravated assault and battery, with no intent to rob proven, and that the prosecution failed to sustain its burden of proving intent, which must appear beyond a reasonable doubt. The evidence is brief. The complaining witness was a waitress; she left her place of employment about 11:30 P. M. on the night in question, but missing her street-car, started to walk to her home. During all the time here involved she carried her purse, made of a white material, 9 by 12 inches in size, under her left arm, with the handle looped over the arm. Upon her way she had occasion to pass over a bridge or viaduct. As she approached the bridge she saw defendant and his companion approaching from the opposite direction. As the two men came abreast of her, defendant seized her by the left arm, struck her in the face and attempted to kick her feet from under her. Campos seized her right arm, struck her a violent blow in the stomach, and as she started to scream, seized her by the throat. Defendant then ran away; Campos lingered long enough to again try to stifle her cries by choking her, and struck her several blows in the face before fleeing. The purse remained tightly pressed under the arm of Mrs. Barkhorn. She was asked if either of her assailants attempted to seize her purse, but she answered she could not say. No word was spoken by either assailant, and whether these men were attempting an assault, battery, rape, or robbery was to be determined by the court, sitting as a jury, from all the facts in evidence. "The intent or intention is manifested by the circumstances connected with the offense". (Pen. Code, sec. 21.) Here, the

purse was plainly visible; the attack was made not far from a carnival then in progress, and on or near a viaduct over a slough. The circumstances fairly eliminate all other crimes other than robbery, and is the only reasonable inference from the facts. The trial court was fully justified in so finding.

In *People* v. *Hite,* 135 Cal. 76 [67 Pac. 57], the defendant met the complainant in a saloon. As he left for his hotel about 3 o'clock in the morning, defendant seized the complainant and made an assault upon him. He called for help, and the attacker fled without touching any of the money he had upon him. The court said: "On this evidence, it was the peculiar province of the jury to determine the question of intention with which this violent and unlooked for assault was made upon a half-drunken stranger at 3:00 o'clock in the morning. This is the time, and this is the way in which robberies are sometimes committed . . . ", citing *People* v. *Woody,* 48 Cal. 80; *People* v. *Johnson,* 131 Cal. 511 [63 Pac. 842]. See, also, *People* v. *Gonzales,* 69 Cal. App. 609, 610 [231 Pac. 1014]; *People* v. *Gordan,* 61 Cal. App. 98 [214 Pac. 276]; *People* v. *McNabb,* 17 Cal. App. 154 [118 Pac. 945]; *People* v. *Franklin,* 46 Cal. App. 1 [188 Pac. 607]; 22 Cal. Jur., p. 843.

The evidence in this case is clear and uncontradicted, the defendant offering no interpretation of his acts.

The judgment and order must be affirmed, and it is so ordered.

Tuttle, J., and Thompson, J., concurred.