## Commonwealth *v.* Fosco, Appellant.

Argued September 26, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*William Cohen,* for appellant.

*Thomas M. Reed,* Assistant District Attorney, with him *Thomas Shiomos,* and *Jerome B. Apfel,* Assistant District Attorneys, *James N. Lafferty,* Deputy District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 13, 1956:

Theodore Fosco and George Sundermeir were indicted for together feloniously assaulting Harry Mertz with intent to rob, for assault and battery, and for conspiring to rob.[1] They were tried separately. Sundermeir was acquitted of the charges of assault and battery and conspiracy and pleaded guilty to robbery. Fosco, the appellant in this case, was tried twice, the jury disagreeing at the first trial. At the second trial he was convicted on all three charges and sentenced to the Philadelphia County prison for a term of two to ten years.

Fosco appealed to this Court after the court below refused his motions for a new trial and in arrest of judgment.

As the record shows only one sentence, which, because of the length of the term, could have been imposed only upon the indictment charging the felonious

---

[1] See Act of June 24, 1939, P. L. 872, §705, 18 PS §4705; §708, 18 PS §4708; and §302, 18 PS §4302.

assault with accomplice with intent to rob, it appears that the trial court ignored the convictions on the other two indictments, and we shall do likewise. We might observe in passing, however, that there is no doubt concerning the sufficiency of the evidence to sustain the conviction of assault and battery, but there may be merit to the contention that the conspiracy conviction should be set aside because Sundermeir, the only other alleged co-conspirator, was acquitted in another trial on that charge. *Com. v. Avrach,* 110 Pa. Superior Ct. 438, 442, 443, 168 A. 531 (1933) ; *Com. v. Bruno,* 324 Pa. 236, 248, 188 A. 320 (1936).

The important question for our consideration is whether there was sufficient evidence from which the jury could find an intent to rob.

The evidence shows that the victim came out of a taproom about two o'clock in the morning and walked approximately fifty feet to his car which was parked on Lehigh Avenue in Philadelphia. Before the victim got into his car, Fosco and Sundermeir ran across the avenue and started to beat him, hitting him in the face and on the body and also kicking him. Two police officers saw the defendant and Sundermeir run across the street and beat the victim. When they approached and flashed their lights on the scene, less than a minute after the beating started, the defendant and his companion ran. The defendant was captured a block or two away.

When taken to the police station all Fosco would say was "I don't know anything about a robbery. I thought George was in trouble and I wanted to help him." The evidence indicated that the two ran across the avenue and started to beat the victim at approximately the same time, but that "Sundermeir was in the lead."

The assailants did not ask the victim for any money or other property, nor did they put their hands into his pockets, nor did they take anything from him.

The victim did not know either of the assailants prior to the attack, and did not recall ever having seen them before. No explanation or reason for the attack can be found specifically expressed in the evidence. Under such circumstances could the jury infer from the conduct of the defendant that it was his intention to rob? We think it could.

The intention of the defendant in committing the assault is a question of fact to be determined from all of the circumstances. *Com. v. Williams,* 312 Mass. 553, 45 N.E. 2d 740, 741 (1942). Thus a specific intent to rob may be inferred by the jury as a matter of fact from the circumstances of the case. *State v. Lyons,* 37 Del. 423, 184 A. 488 (1936). See also *Herron v. Com.,* 247 Ky. 220, 56 S.W. 2d 974 (1932).

It is immaterial that no attempt was made to seize any of the victim's property and that no words were spoken. *People v. Sanchez,* 35 Cal. App. 2d 316, 95 P. 2d 462 (1939); *People v. Hite,* 135 Cal. 76, 67 P. 57 (1901).

The fact that the assailants were prevented from robbing the victim by the timely appearance of the police does not require the jury to find that the assailant did not intend to take money or property by force and intimidation. *People v. Kuhn,* 291 Ill. 154, 125 N.E. 882, 884 (1919); *State v. Iacavone,* 85 N.H. 207, 155 A. 701 (1931).

In *Com. v. Barclay,* 178 Pa. Superior Ct. 568, 115 A. 2d 405 (1955) the defendant who was charged with assault with intent to rob admitted the assault but denied that it was made with any intent to rob, asserting that the victim had made a derogatory remark and

spat at him. The evidence established that while the victim was walking across the street to his car the defendant put a gun in his ribs and said "get in the car or I will kill you." The victim made an outcry and ran away. The defendant then ran down the street, entered his own car and drove away. The victim claimed that some money disappeared from the trunk of his car, but the evidence pointed to the fact that the assailant had nothing to do with this. In an opinion written by Judge WRIGHT for this Court we held that the evidence was sufficient to permit the jury to find the intent to rob.

A necessary element of the offense of burglary is that the entry into a building must be with *intent* to commit a felony. In sustaining convictions of attempted burglary it has been held that not only the intent to break and enter the building but also the intent to commit a felony after entering can be inferred from such circumstances as being on a second story porch in a strange community at night with a pocket device which could be used for opening doors. *Com. v. Dorman,* 86 Pa. Superior Ct. 205 (1925). See also *Com. v. Myers,* 131 Pa. Superior Ct. 258, 200 A. 143 (1938); *Com. v. Stefanczyk,* 77 Pa. Superior Ct. 27 (1921); and *State v. Woodruff,* 208 Iowa 236, 225 N.W. 254 (1929).

It was for the jury to determine from the circumstances surrounding the assault what its purpose was. We think the circumstances of the assault permitted the finding that it was made with the intent to rob.

Judgment of sentence affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.

GUNTHER, J. dissents.