[Crim. No. 3990. First Dist., Div. Three. Mar. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE GILBERT, Defendant and Appellant.

John J. Dunn, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny, John F. Foran and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant loitered in an Oakland market at closing time. When one customer opened the door to leave, one Swift entered. He drew a pistol and approached the counter. Defendant drew his gun and ordered employees and customers to a room at the rear. As Swift reached the counter, he began to beat the owner, one Eng, over the head with his gun, saying "You're the man I wanted, . . . get in the back." Eng sought to ward off the blows to his head with one arm. With oriental stoicism and sense of propriety, he said: "This is ridiculous." With his free hand, he grabbed a can of peas from a shelf near his head, swung it at Swift, and started for the door. Swift, his own sense of the fitness of things outraged, pursued Eng, saying "You can't do this." Eng reached the sidewalk and shouted for help. Some 8 feet behind him, Swift went through the door, closely followed by defendant, rapidly overcoming Swift's head start. Both ran down the street with the unarmed Eng in hot pursuit. Without interrupting their flight, the two gunmen gestured with their revolvers in an attempt to stop Eng. They escaped.

The jury found defendant guilty of attempt to commit robbery (Pen. Code, §§ 211, 664) and assault with a deadly weapon (Pen. Code, § 245). He appeals from the ensuing judgment.

Defendant argues that the evidence is insufficient to show an intent to take personal property. Unquestionably, such intent is an essential of the crime of attempted robbery. But intent is manifested by the circumstances connected with the offense (Pen. Code, § 21). The presence of two armed strangers in a market shortly after closing time, their substantially simultaneous display of weapons, one pointing at the proprietor near the cash drawer and the other herding the remaining occupants to a rear room, is an unfortunately familiar situation readily suggesting intent to rob. The lack of some such phrase as "this is a stickup," or "hand over your money," does not bar the reasonable inference that the forceful taking of property is intended (*People* v. *Hite,* 135 Cal. 76 [67 P. 57]; *People* v. *Sanchez,* 35 Cal.App.2d 316 [95 P.2d 462]). It is argued that the only fair inference is that an assault or battery upon Eng was intended. But there

is direct evidence that Eng did not know defendant, and a strong implication that he had never seen Swift. The more reasonable inference, and that drawn by the jury, is that robbery was intended.

■ Defendant is correct, however, in his contention that his commitment for both attempted robbery and assault with a deadly weapon violates the statutory injunction against double punishment for a single act (Pen. Code, § 654). The same act or acts of force relied upon to establish that essential element of robbery cannot be availed of as a basis for punishment for the separate crime of assault (*People* v. *Logan,* 41 Cal.2d 279 [260 P.2d 20]). Respondent cannot find comfort in the holding that a wholly separate assault by weapon, following accomplishment of the robbery, may be ground for a second punishment (*In re Chapman,* 43 Cal.2d 385 [273 P.2d 817]). Here the robbery never was accomplished. To establish the attempt to rob, the prosecution relies upon the several blows struck by Swift and the brandishing of guns by both defendants. That same force cannot afford a ground for separate punishment for assault with a deadly weapon (cf. *Neal* v. *State of California,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449]). Respondent concedes that the instructions here given did not inform the jury that the "gesture" of defendants' guns as they fled might be a separate assault.

The judgment is reversed insofar as it imposes a sentence for assault with a deadly weapon, the lesser of the two offenses, and in all other respects is affirmed. The order denying new trial (made before September 15, 1961) is affirmed.

Salsman, J., and Devine, J., concurred.