**ESTATE OF Avery COLEMAN, Appellee.**

**Appeal of Shantel Closson, Heir to the Estate of Avery J. Coleman.**

Superior Court of Pennsylvania.

Argued March 21, 2001.
Filed May 2, 2001.

Willaim R. Noll, West Chester, for appellant.

Bruce L. Baldwin, Pottstown, for appellee.

Before FORD ELLIOTT, MONTEMURO * and BECK, JJ.

MONTEMURO, J.:

¶ 1 This is an appeal from a judgment in a wrongful death and survival action apportioning insurance proceeds between Appellee and the estate of Appellee's decedent.

* Retired Justice assigned to Superior Court.

¶ 2 The parties are the unmarried parents of the decedent, six year old Avery Coleman, who was killed when the vehicle being driven by Appellant at an excessive rate of speed left the roadway and crashed into a stone wall. On impact the car's front seat air bags deployed on the decedent's head and chest, causing cardiac arrest and immediate loss of consciousness. The child was declared dead less than 24 hours later. Appellant's negligence in causing the accident was admitted.

¶ 3 Appellee, the custodial parent, negotiated a settlement with Appellant's insurance carrier for her policy limits of $100,000, and an underinsured motorists' claim with his carrier for $15,000.[1] There were no medical expenses, and Appellee incurred funeral costs of $3,673.50. The parties stipulated that the decedent's gross lifetime earnings would exceed his gross lifetime expenditures.

¶ 4 Appellee, as administrator of the decedent's estate, filed a Petition for Apportionment to be decided on stipulated facts and briefs. After argument, the trial court entered the instant order awarding Appellee 80%, or $92,000, of the gross settlement proceeds for the wrongful death action, and the decedent's estate 20%, or $23,000, for the survival suit. This appeal followed, challenging the trial court's apportionment order on the basis that it was contrary to law as it failed to take into account the decedent's future lost earnings, and because "[t]here is nothing in Pennsylvania law which provides that wrongdoing should be factored into the question of apportionment between wrongful death and survival actions." (Appellant's Brief at 7).

¶ 5 We note that "[t]he findings of an orphan's court judge, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support." *Berry v. Titus,* 346 Pa.Super. 376, 499 A.2d 661, 663 (1985).

¶ 6 Under the wrongful death statute, 42 Pa.C.S.A. § 8301(a), "An action may be brought ... to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence of another ..." Section (b) of the statute provides in pertinent part that "the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased ... in the proportion they would take ... in the case of intestacy ..." "The damages recoverable in a wrongful death action include the present value of the services the deceased would have rendered to the family, had [he] lived, as well as funeral and medical expenses." *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1, 4 (1994).

A survival action, on the other hand, is brought by the administrator of the decedent's estate in order **to recover the loss to the estate of the decedent resulting from the tort.** The measure of damages awarded in a survival action include the decedent's pain and suffering, the loss of gross earning power from the date of injury until death, and the loss of his earning power—less personal maintenance expenses, from the time of death through his estimated life span.

*Id.* (citations omitted) (emphasis added).

¶ 7 Of the compensable claims in survival actions, no pain and suffering are

---

1. No airbag litigation claim was viable in this matter because the child had been placed in the front passenger seat of Appellant's vehicle, contrary to specific warnings in the owner's manual for the car, and because his seat belt was buckled improperly and in such a way as to contribute to his death.

involved here, only lost future wages, that is, earnings less maintenance calculated from the point at which the child reaches adulthood. *Id.* Appellant claims that more should have been allocated to cover this loss than to cover the loss of the decedent's services to the family.

¶ 8 Our Supreme Court in *Minkin v. Minkin,* 336 Pa. 49, 7 A.2d 461, 464 (1939), opined that the person responsible for the decedent's death could not, in her own right, take anything in a wrongful death suit. However, the question of whether such negligence affects recovery in the survival action has not been directly decided by the appellate courts of this Commonwealth. *Fisher v. Dye,* 386 Pa. 141, 125 A.2d 472, 475 (1956), involved cross actions by two drivers involved in an automobile accident which resulted in the death of Dye's wife. There negligence could have been attributed to the decedent's husband, Dye, to Fisher, the driver of the second car, or to the decedent's own behavior. Because a new trial had been granted by the lower court on its own motion, the question of whether the husband of the decedent could recover in the survival action despite his theoretical responsibility for the death of his wife was deferred.

¶ 9 In explaining its reasons as to why it found the issue raised prematurely, our Supreme Court referred to *Burns v. Goldberg,* 210 F.2d 646 (3rd Cir.1954). There, because the decedent was an adult, the court concluded that eligibility of a negligent husband for recovery from his wife's death would not be foreclosed by his actions. Its reasoning, however, leads us to the opposite conclusion herein.

> It is the invasion of the interest of the decedent which finds redress in this action. Hence damages are viewed and measured in terms of loss suffered by the decedent. **The survival of such an action finds primary justification in the protection it affords creditors.**

*Fisher, supra,* at 475 (quoting *Burns, supra,* at 650 (emphasis added)).

¶ 10 There are no debts to be paid in this matter, thus the survival action need not have been funded for this purpose. The trial court awarded the proceeds 80%/20% because of Appellant's negligence, and found that, in actuality, this finding rather than the apportionment itself gave rise to the exceptions. We do not disagree. In deferring its finding in *Fisher,* the Supreme Court of Pennsylvania opined that "it is only in proceedings in the Orphans' Court that the proper distribution of proceeds can be determined." *Fisher, supra,* at 475. This has been done using the only funds available, and weighting distribution in favor of the parent who bears no responsibility for the child's death. We will not disturb the court's decision, which correctly declines to allow Appellant to profit from her wrongdoing.

¶ 11 Judgment affirmed.