[Crim. No. 3556. First Dist., Div. One. Apr. 6, 1959.]

THE PEOPLE, Respondent, v. JESSE CORTEZ GARCIA, Appellant.

William S. Smeed, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted of armed robbery (Pen. Code, § 211), defendant Garcia claims that prejudicial errors occurred in instructing the jury.

Late one evening three men entered and robbed a certain liquor store. They then left, got into a car and drove away. The car, soon apprehended, had four occupants: Raul Altamirano, Frank Espinoza, Robert Gonzales and defendant Garcia.

The sales clerk at the store was unable to identify Garcia as one of the three who entered the store. He identified Altamirano only. Espinoza testified that the three consisted of himself, Altamirano and Gonzales. He said that Garcia was in the car. Thereupon the prosecution, claiming surprise, confronted Espinoza with testimony he had given at a former trial, that Garcia entered the store and Gonzales remained in the car, and a like statement he had given the police shortly

after his apprehension. He admitted making the prior inconsistent statements and insisted he was lying then to protect his friend Gonzales but was telling the truth now. Garcia made no admissions and did not take the witness stand.

There was evidence tending to prove that Garcia was intoxicated at the time of the robbery. His brother and sister-in-law testified he had been drinking on the day of the robbery and was drunk about four or five hours before the robbery. Two of the officers testified they smelled the odor of alcohol on Garcia's breath. Another officer testified he gave Garcia some support when he led him to the jail; that Garcia "acted like he had passed out" when questioned after his apprehension; "he would sit there and kind of fall over in his chair and wouldn't answer your question"; it appeared to the witness as if it were an "act." Garcia was put in the "drunk tank."

(1) *Was it prejudicial error for the court to reject defendant's request to give certain instructions on circumstantial evidence?*

 Defendant requested and the court refused three instructions on circumstantial evidence, couched in the terms of CALJIC Numbers 26, 27, and 28, respectively. These instructions, particularly Number 27,* should have been given.

Certain links in the chain of evidence against defendant were circumstantial in character. In such a case, it is the duty of the court, whether requested or not, to inform the jury that to justify a conviction "the facts and circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion." (*People* v. *Yrigoyen,* 45 Cal.2d 46, 49 [286 P.2d 1].)

 "And it has been held that the instruction must be given where criminal knowledge is shown only by circumstantial evidence. (*People* v. *Candiotto,* 128 Cal.App.2d 347, 355-356 [275 P.2d 500].)" (Same, pp. 49-50.) There, proof of intent to defraud depended upon the drawing of an inference that defendant knew the depleted condition of his bank account. The evidence on that subject was circumstantial and conflicting. If properly instructed, the jury "might have concluded that the circumstantial evidence, while entirely

---

*"I instruct you further that you are not permitted, on circumstantial evidence alone, to find the defendant guilty of the crime charged against him unless the proved circumstances not only are consistent with the hypothesis that the defendant is guilty of the crime, but are irreconcilable with any other rational conclusion."

consistent with defendant's guilt, was also consistent with a rational conclusion that he was innocent." (Same, p. 50.) Accordingly, the failure to give the instruction resulted in a miscarriage of justice.

In our case if the jury disbelieved Espinoza's testimony that Garcia stayed in the car, conviction depended upon an inference that he was one of the three who entered the store. If they believed that testimony, there remained the question whether he had the requisite knowledge of the crime being committed, proof of which depended entirely upon circumstantial evidence. In either situation, the instruction found necessary in the Yrigoyen case was equally required in this case. Nor do we find present any factor (such as overwhelming evidence of guilt) that would justify our viewing this error as nonprejudicial.

(2) *Was it prejudicial error to refuse defendant's request to instruct on specific intent and intoxication?*

A specific intent to steal is an essential element of the crime of robbery. (*People* v. *Sanchez,* 35 Cal.2d 522 [219 P.2d 9].) Whenever "the actual existence of any particular . . . intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the . . . intent with which he committed the act." (Pen. Code, § 22, 2d sentence.)

That the jury might be advised as to such matters, defendant requested instructions substantially the same as CALJIC Numbers 72-C and 78-B, which the court refused. The instructions which the court did give omitted the element of specific intent to steal and omitted entirely the subject matter of the second sentence of section 22 of the Penal Code. The prejudicial character of the latter omission was accentuated by instructions given which featured the provisions of section 21 and the first sentence of section 22 of the Penal Code. Here we have an error that is a duplicate of the error which was deemed cause for reversal in *People* v. *Sanchez,* 35 Cal.2d 522 [219 P.2d 9]. (See also *People* v. *Baker,* 42 Cal.2d 550, 555, 571-572 [268 P.2d 705].) We find this error no less prejudicial in our case.

The judgment and order are reversed.

Bray, Acting P. J., and Hanson, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.