[Crim. No. 4288.    First Dist., Div. Three.    July 14, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. JOHNNIE GREEN, Defendant and Appellant.

438

Jerome I. Braun, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Robert R. Granucci and James Murad, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found defendant guilty of two counts of first degree burglary. He had admitted five previous felony convictions, but was found not to be an habitual criminal. He was sentenced to consecutive terms on the two counts and appeals.

Two dwellings were entered by an intruder in the early morning hours of different nights. Two occupants of one house, and one of the other, saw the intruder, and all testified that he was appellant. The controverted issue at trial was that of identity. Each of the three householders was cross-

examined vigorously as to her identification, but each remained firm. Defendant did not testify.

Appellant first asserts misconduct of the prosecution in *voir dire* of the jury. Defense counsel at trial (not the attorney appearing here) asked one prospective juror whether she would be able to limit use of evidence admitted only for a special or narrow purpose. Shortly thereafter, the prosecution referred to this defense question, and asked another venireman several questions as to his ability to apply that rule to evidence of prior felonies admitted only for the limited purpose of impeachment.

Although the questions were stated to be wholly hypothetical, and the prosecutor did not state that there would be such impeachment of appellant, we believe the inquiry to be error (cf. *People* v. *Sanchez*, 35 Cal.2d 522 [219 P.2d 9]). There is no suggestion that the prosecutor expected any of his witnesses to be impeached in this way, and none was. Assumption that he was but solicitous of appellant's rights could well be unrealistic, and surely would open the door to future extension of the claimed right to suggest prior convictions on *voir dire*.

We do not, however, find that there was prejudice to appellant. The experienced and able deputy public defender who tried the case did not object on the ground of improper suggestion of prior conviction. He sought neither admonition of the jury nor mistrial. He did not move for new trial. We are reluctant to attach greater importance to this incident than did trial counsel. No further reference to prior convictions was made. On review of the entire record, we conclude that no result more favorable to appellant was reasonably probable in the absence of this error.

Appellant also asserts error in the failure of the trial court to instruct that conviction may not be had on circumstantial evidence alone unless the proved circumstances are not only consistent with the hypothesis of guilt, "but are irreconcilable with any other rational conclusion" (CALJIC 27). He requested no such instruction, but relies on the duty of the court to give it without request, when the evidence is wholly or largely circumstantial *(People* v. *Bender*, 27 Cal.2d 164, 174-176 [163 P.2d 8]).

Specific intent is an essential element of the crime of burglary (Pen. Code, § 459). The information here charged entry with intent to commit theft. When the evidence of intent is largely circumstantial, the instruction must be

given (*People* v. *Yrigoyen,* 45 Cal.2d 46 [286 P.2d 1]; *People* v. *Zerillo,* 36 Cal.2d 222 [223 P.2d 223]). ■ Actual intent is wholly subjective, and thus is shown only by circumstances, at least in the absence of direct admission by a defendant (*People* v. *Gomez,* 223 Cal.App.2d 572, 574 [35 Cal. Rptr. 823]; *People* v. *Jordan,* 204 Cal.App.2d 782, 786 [22 Cal.Rptr. 731]). Thus trial judges would be well advised to instruct on the proper use of circumstantial evidence whenever specific intent is an essential element of the crime charged. ■ There was no admission here, and it follows that omission of the instruction on circumstantial evidence was error. But reversal is required only if this error was prejudicial (*People* v. *Bender, supra,* 27 Cal.2d 164; *People* v. *Candiotto,* 128 Cal.App.2d 347 [275 P.2d 500]; *People* v. *Koenig,* 29 Cal.2d 87 [173 P.2d 1]; and see *People* v. *Yrigoyen, supra,* 45 Cal.2d 46).

■ The instruction could benefit appellant only if there were room for some "rational conclusion" that he entered the homes with some intent other than to steal. Neither the evidence nor the argument to the jury remotely suggests any purpose except theft for the entry of the two houses. In one, a purse had been opened and thrown to the floor. No occupant had consented to either entry, and there is no suggestion that any knew defendant. He lived a considerable distance from either of the homes entered. The charge was defended and argued to the jury solely on the issue of identity. It was implicitly assumed that the intruder entered for the purpose of stealing. The sole affirmative defense was an extremely weak alibi, offered through the testimony of appellant's mother. The conclusion is inescapable that the jury, however fully instructed, could and would have found no motivation save theft for appellant's entries. We see no way in which the omitted instruction could have benefited appellant with the jury.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 10, 1964. Mosk, J., did not participate therein. Peters, J., was of the opinion that the petition should be granted.