[Crim. No. 9932. Second Dist., Div. Four. July 26, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. HAROLD BRYAN JOHNSON, Defendant and Appellant.

Harold Bryan Johnson, in pro. per., and Maurice L. Muehle, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged by information with a violation of section 487, subdivision 1 of the Penal Code (grand theft). He was also charged with the following prior convictions: 1945, burglary and receiving stolen property; 1950, burglary; 1952, violation of section 503 Vehicle Code, unlawful taking of a motor vehicle; 1957, violation of section 503 Vehicle Code. He pled "not guilty" and denied the priors. When the cause was called for trial, out of the presence of the jury, defendant admitted the priors. He was found guilty as charged; a motion for new trial was denied; probation was denied. Defendant was sentenced to state prison for the term prescribed by law.

The theory of the case for the People was that defendant unlawfully took certain suits from Bullock's department store with the specific intent to appropriate them permanently without paying for them. His sole defense was that of entrapment. He admitted taking the suits but denied that he intended to keep them and testified that he had been hired and paid by security agent Sances of Bullock's department store to make a delivery of them.

I

Defendant contends that the failure of the trial court, on its own motion, to instruct the jury as to the value and effect of circumstantial evidence, constitutes reversible error. Specifically, he maintains that the trial court erred in not giving an instruction to the jury that to justify a conviction based substantially on circumstantial evidence the facts and circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion. In support of this contention, he cites *People* v. *Yrigoyen* (1955) 45 Cal.2d 46, 49-50 [286 P.2d 1], in which the court said: "In a criminal case the trial court is required to instruct the jury of its own motion upon the law relating to the facts of the case and upon matters vital to a proper consideration of the evidence. (*People* v. *Buffum*, 40 Cal.2d 709, 724 [256 P.2d 317] [requiring an instruction on the necessity for corroboration]; *People* v. *Putnam*, 20 Cal.2d 885, 890-891 [129 P.2d 367] [requiring a cautionary instruction in a case involving a sexual offense].) In accordance

with this rule we declared in *People* v. *Bender,* 27 Cal.2d 164, 174, et seq. [163 P.2d 8], that the court on its own motion should have given an instruction embodying the principle that to justify a conviction on circumstantial evidence the facts and circumstances must not only be entirely consistent with the theory of guilt but must be inconsistent with any other rational conclusion. (See also *People* v. *Koenig,* 29 Cal.2d 87, 93 [173 P.2d 1].) It is true that in the Bender case proof of guilt was entirely circumstantial, whereas in the present case there was direct evidence that defendant issued the check without sufficient funds in or credit with the bank, and circumstantial evidence was relied upon to show his criminal knowledge and intent. However, in the Bender case, it is stated that where circumstantial evidence is substantially relied upon for proof of guilt, adequate instructions on the rules governing the application of such evidence must be given. (27 Cal.2d at p. 175.) And it has been held that the instruction must be given where criminal knowledge is shown only by circumstantial evidence. (*People* v. *Candiotto,* 128 Cal.App.2d 347, 355-356 [275 P.2d 500].) Cases holding that the instruction need not be given, even upon request, where circumstantial evidence is only incidental or corroborative are not, of course, applicable here. (See *People* v. *Jerman,* 29 Cal.2d 189, 197 [173 P.2d 805]; *People* v. *Alexander,* 92 Cal.App.2d 230, 235 [206 P.2d 657].)' "

However, in the *Yrigoyen* case, the court held that the evidence with respect to appellant's intent to defraud was conflicting and that, had the instructions been given, the jury might have concluded that the circumstantial evidence, while entirely consistent with appellant's guilt was also consistent with a rational conclusion that he was innocent. Such a rational conclusion is not possible under the evidence in this case. Reversal is required only if the error of the court in failing to make the instruction is prejudicial. (See *People* v. *Green* (1964) 228 Cal.App.2d 437 [39 Cal.Rptr. 612], and the cases cited therein.)

■ Defendant points to no other rational conclusion which the jury could have drawn in this case except an intent to deprive Bullock's department store of merchandise belonging to it without its consent. He admitted that he had no intention of buying a suit but maintained that he was engaged in a confidential arrangement to deliver the suits to the sidewalk or to the parking lot. However, defendant told

the salesman that he wanted to see size 46 suits for his father; he gave a false name to the security officer; and he later stated that a customer and not security agent Sances asked him to take the clothes downstairs. All these facts are inconsistent with a confidential arrangement made with an employee of Bullock's department store. Furthermore, direct evidence was introduced that defendant surveyed the stairway, went back to the 3-foot high racks of suits, crouched down, lifted five suits still on their hangers, headed for the stairs, bundled up the suits like laundry and concealed them by wrapping his sport coat around them. It appears that no conceivable prejudice resulted from the failure of the trial court to instruct the jury on its own motion as to the effect of circumstantial evidence. Indeed, the evidence presented in this case could lead the jury to only one reasonable conclusion—that defendant was engaged in a flagrant act of shoplifting. Furthermore, unlike the *Yrigoyen* case, the conviction in the instant case is based in equal, if not greater, degree upon direct rather than circumstantial evidence.

## II

Defendant next contends that it was error for the trial court, over objection, to allow a cross-examination into the details and circumstances of defendant's prior criminal record. ■ The law in this regard is clear: "It may be shown by the examination of a witness that he has been convicted of a felony, the number of felonies, and the names of them. (Code Civ. Proc., §§ 2051, 2065; *People* v. *Tubby,* 34 Cal.2d 72, 79 [207 P.2d 51].)'' *People* v. *Hollander* (1961) 194 Cal.App.2d 386, 396 [14 Cal.Rptr. 917].

■ In the present case, the deputy district attorney, after posing a series of questions involving the defendant's prior criminal record, asked him: ''On or about the 10th day of February, 1950, in the City and County of San Francisco, California, were you convicted of the crime of Burglary, a felony and sentenced to State Prison?

''.   .   .   .   .   .   .   .   .   .   .   .

''On or about the 10th day of May, 1957, in San Diego County, California, were you convicted of the crime of violation of Section 503 of the Vehicle Code, referred to as unlawful taking of a motor vehicle, a felony, and sentenced to State Prison?''

In spite of objection by his counsel, defendant was re-

quired to answer these questions in the form set out. Although defendant could properly be asked about the conviction, the name of the crime and (since the two offenses involved could be either misdemeanors or felonies) whether or not the convictions were for felonies, he contends that it was improper and prejudicial to ask him whether or not he had been sentenced to state prison. As authority for this contention, defendant cites the case of *People* v. *Wynn* (1941) 44 Cal.App.2d 723 [112 P.2d 979]. In that case, the prosecutor cross-examined the appellant in regard to serving a term of imprisonment in a penal institution in Minnesota, the length of time served, and whether appellant skipped parole and came to California. The court in reversing the judgment and remanding the cause for a new trial, stated (at p. 732): "This line of inquiry went far beyond that allowed by law, for a cross-examiner's questions must be limited to the fact of conviction and the nature of the crime; he may not go into the details or circumstances surrounding the crime [citations]; and certainly the cross-examiner cannot delve into the question of the length of time served and conditions or circumstances surrounding the parole of a defendant."

Defendant cites, also, *People* v. *Hollander, supra* (1961) 194 Cal.App.2d 386, in which, also, the cross-examination involved questions regarding the length of time served and violation of parole.

We think that it was error for the prosecutor to call attention to the fact that defendant had served a prison sentence for the two offenses mentioned. They remained felonies unless and until a misdemeanor sentence was imposed and would still be felonies, and bases for impeachment, even had proceedings been suspended and probation been granted (Pen. Code, § 17; *People* v. *Banks* (1959) 53 Cal.2d 370 [1 Cal. Rptr. 669, 348 P.2d 102]; *People* v. *James* (1940) 40 Cal. App.2d 740 [105 P.2d 947]). To emphasize the denial of probation unnecessarily attacked defendant's character and went beyond the statutory authority.

However, we do not think the error here was prejudicial. Unlike the two cases relied on, the prosecutor did not delve into the length of time served, nor into conditions of parole, nor of parole violation. After an examination of the whole cause, including the evidence, we cannot say that any different result would have been probable had the error not occurred. (Const., art. VI, § 4½.)

## III

Finally, defendant contends that the trial court erred in failing to exercise discretion as to the granting of probation. However, the contention that defendant was eligible for probation is in error. Penal Code section 1203 provides, *inter alia,* that: "Probation shall not be granted . . . to any defendant unless the court shall be satisfied that he has not been twice previously convicted of felony in this State nor twice previously convicted in any other place or places of public offenses which would have been felonies if committed in this State; . . ." Applying the law to the facts of the instant case, the trial court stated: "Also, in view of the fact that you have had a continuous record of violations of the law dating back from 1944, and the Court found to be true by your own admission the four priors which had been alleged against you, in view of that fact and those facts the Court has no alternative but to sentence you to the State Prison for the term prescribed by law."

The trial court did not err in denying probation.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied August 12, 1965, and appellant's petition for a hearing by the Supreme Court was denied September 29, 1965.