GARGANO, J.
 

 Defendant after jury trial was convicted on two counts, (I) attempted robbery in the first degree and (II) assault with a deadly weapon. The jury also returned special verdicts that defendant was armed with a deadly weapon when he committed these offenses. The court denied defendant’s application for probation and sentenced him under count I, attempted robbery in the first degree.
 

 On September 22, 1966, Norma Cavalli was working with her husband Mario Cavalli in the family liquor store. At about 9 :20 p.m. defendant entered the store and offered to purchase a pack of cigarettes. Mrs. Cavalli was standing behind the counter near the cash register and Mario Cavalli was working in the walk-in refrigerator out of sight. No one else was in the store. While Mrs. Cavalli was obtaining the cigarettes defendant walked to the end of the counter. Mrs. Cavalli also walked to the end of the counter -where defendant paid for the cigarettes. Instead of taking the pack, defendant walked around to the inside of the counter and backed Mrs. Cavalli up until they were close to the cash register. Defendant suddenly pulled out a knife from the inside of his shirt
 
 *216
 
 and pointed it at Mrs. Cavalli who screamed. On hearing his wife’s screams Mario Cavalli came out of the walk-in refrigerator holding a meat cleaver; he "testified that defendant was standing three or four inches from- the cash register. As the door óf the refrigerator closed defendant turned,"saw Cavalli holding the meat cleaver and ran out . of a side door with Cavalli in pursuit. A police officer apprehended appellant fleeing from the store and recovered a knife which he found along the path of flight taken by defendant. Mrs. Cavalli identified the knife as the one which- defendant used in a threatening manner.
 

 Defendant admits that he was in Cavalli’s liquor store on the. evening of September 22, 1966. He also admits that he fled When Mrs. Cavalli began to scream; he testified that he did not know why she screamed, but hé fled because he was on parole. Defendant nevertheless contends that there was insufficient evidence to support his conviction of attempted robbery in the first degree. He asserts' that the People’s evidence did not prove his intent" to steal, nor did it clearly establish a direct and unequivocal act toward the accomplishment of this specific intent. The main thrust of defendant’s argument is that his alleged act of -pointing a knife - at Mrs. Cavalli without saying anything to her was so equivocal that-it did not prove an attempt to steal; he could have intended to rape or kidnap Mrs. Cavalli or commit some crime other than robbery.
 

 Robbery is defined as the felonious taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by force or fear (Pen. Code § 211). A specific intent to steal is. an essential element of the crime
 
 (People
 
 v.
 
 Garcia,
 
 169 Cal.App.2d 368 [337 P.2d 100]). But this intent may be established by" circumstantial evidence
 
 (People
 
 v.
 
 Gilbert,
 
 214 Cal.App.2d 566 [29 Cal.Rptr. 640]). Since a person’s-intent to steal is wholly subjective it is generally manifested > by circumstances surrounding the offense. For example, in"
 
 People
 
 v.
 
 Sanchez,
 
 35 Cal.App.2d 316 [95 P.2d 462], the defendant and another man assaulted the victim a short dis-' tance from where a carnival was in progress. The victim" was-carrying her purse under the left arm where it was plainly ’ visible. Defendant seized her left arm, struck her in the face and attempted to kick her feet from under her. When she1 screamed the other man attempted to choke her. Defendant was convicted of attempted robbery. The court in affirming-
 
 *217
 
 his conviction held that, the circumstances were-- sufficient for the jury to infer an attempt to. steal- and that such inference was the only reasonable one even though no word was spoken and the victim could not say whether. either man attempted to seize her purse.
 

 With these principles "in mind we conclude that there was substantial evidence to support the jury’s verdict that defendant was guilty of attempted robbery in the first degree. The circumstances under which the offense was committed were sufficient to raise an inference, the only rational inference under the facts, that the defendant intended to steal through the use of force and fear. And, when he pointed the knife at Mrs. Cavalli in a threatening manner, he committed a direct and unequivocal act toward the accomplishment of this intent. The offense was committed without provocation in a liquor store, a normal target for the crime of robbery. Moreover, the offense was committed during-normal working hours while the store was open to customers negating an attempt to rape or kidnap as the motive. In addition defendant offered to purchase a pack of cigarettes which he did not take; an offer to purchase a package of cigarettes or similar items is a common pretense in the commission of robbery. Significantly, appellant pulled out the knife after he walked behind the counter' and backed Mrs. Cavalli up to the cash register.
 

 Defendant alleges that the trial judge confused the jury when he modified the standard jury instruction (CALJIC 210-A) defining the degrees of robbery to conform it to attempted robbery; he omitted the phrase ‘ ‘.or by a person. ” Thus modified the given instruction recited:
 
 “Attempted
 
 robbery which is perpetrated by torture or by two or more persons, any one of them being armed with a dangerous or deadly weapon, is
 
 attempted
 
 robbery in the first degree. All other kinds of
 
 attempted
 
 robbery are of the second degree.
 

 It escapes us how this modification prejudiced the. defendant. If anything the error was more prejudicial to the People than to the defendant. If taken literally the court’s modified instruction -told the jury that only robbery perpetrated by torture (not applicable in the instant case) or robbery by at least
 
 :two
 
 persons was robbery in the first degree. However,¿it is evident that the jurors did not take the instruction liter
 
 *218
 
 ally; otherwise, they would not have found defendant guilty of attempted robbery in the first degree.
 

 When all of the instructions which the court gave on the crime of robbery were considered by the jury it should have been apparent that the court committed a clerical error and nothing more. We must assume that jurors are reasonably intelligent persons and capable of understanding and correlating all jury instructions which have been given
 
 (People
 
 v.
 
 Powell,
 
 186 Cal.App.2d 54 [8 Cal.Rptr. 707]). To determine whether error has been committed this court must consider jury instructions as a whole
 
 (People
 
 v.
 
 Hess,
 
 104 Cal.App.2d 642 [234 P.2d 65];
 
 People
 
 v.
 
 Guasti,
 
 110 Cal.App.2d 456 [243 P.2d 59]).
 

 Even if it is assumed that the modified instruction was confusing, the confusion was obviously clarified by the court’s following informal explanation of the nature of the offenses charged which was given upon a jury request with approval of defendant’s counsel:
 

 “The Court:
 

 <<
 

 “Now, count one is the charge of attempted robbery; count two is the assault with a deadly weapon. If you should find the defendant guilty of attempted robbery, then you would also have to find that he was armed with a deadly weapon at the time in order to make it first degree. If you found that he was not armed with a deadly weapon at the time, it could not be first degree. ’ ’
 

 Defendant next asserts that the court erred when it instructed the jury that: “If you find that the crime of attempted robbery was committed and that the person who committed it was armed with a deadly weapon, the attempted robbery would be of the first degree.” (CALJIC 210-D, Modified.) Defendant relies on a comment by the editors of California Jury Instructions—Criminal (CALJIC) to the elect that the instruction should not be given since all weapons are not deadly weapons under the Deadly Weapon Act.
 

 A knife is not necessarily a deadly weapon as a matter of law (see Deadly Weapon Act, Pen. Code, § 3024). However, a knife is by its very nature a dangerous weapon and a person who commits a robbery while armed with either a dangerous or deadly weapon is guilty of robbery in the first degree. Thus, defendant was not prejudiced by the instruction.
 

 In his final challenge to the instructions, defendant eon-
 
 *219
 
 tends that the court failed to inform the jury that the specific intent required to commit the crime of attempted robbery is the intent to steal, i.e., the intent to permanently deprive an owner of his property. He alleges that the court erroneously instructed the jury that the only intent required was “the specific intent to commit robbery.”
 

 As we have stated, a specific intent to steal is an essential element of the crime of robbery. Hence, the failure of the court to instruct the jury with respect to this specific intent is error and under some circumstances the error is prejudicial; for example, if the defendant was intoxicated or his motive for taking property was not necessarily to steal it, the error may be sufficiently prejudicial to require reversal
 
 (People
 
 v.
 
 Sanchez,
 
 35 Cal.2d 522 [219 P.2d 9];
 
 People
 
 v.
 
 Garcia,
 
 169 Cal.App.2d 368 [337 P.2d 100]). However, the error is not necessarily prejudicial and does not always require a reversal. Thus, in
 
 People
 
 v.
 
 Stone,
 
 213 Cal.App.2d 260 [28 Cal.Rptr. 522], the court held that, if the evidence establishes the existence of an intent-to steal beyond question, the failure of the court to so instruct the jury does not require a reversal.
 

 Admittedly, in the instant case the trial court did not accurately instruct the jury on the specific intent required for the commission of the crime of attempted robbery. However, the crucial decision for the jury in this trial was whether the defendant intended to rob, rape or kidnap Mrs. Cavalli. The jury found that defendant intended robbery and the court had instructed them that robbery involved a taking of property.
 
 [1]
 
 Once they found that defendant intended a taking it would have been irrational under the circumstances of this case for them to find that he did not intend to keep whatever he took.
 
 [2]
 

 Defendant asserts that the court committed prejudicial
 
 *220
 
 error by requiring the jury to return a special verdict on the. second count of assault with a deadly weapon as to whether or not defendant was armed. He further asserts that the jury was confused by the multiple verdicts and by the court’s explanation of these verdicts.
 

 Appellant’s argument that the multiple verdicts and the court’s explanation of these verdicts confused the jury is not persuasive. No objection was made to the use of the verdict forms and the objection may not be raised for the first time on appeal
 
 (People
 
 v. Gonzales, 187 Cal.App.2d 769 [10 Cal.Rptr. 12] ;
 
 People
 
 v.
 
 Freudenberg,
 
 121 Cal.App.2d 564 [263 P.2d 875].) Furthermore, the trial court’s explanation was approved by defendant’s trial counsel and hence defendant cannot now be heard to complain.
 

 We agree with appellant’s contention that a special verdict was not needed in connection with the second count. Appellant was not charged with being armed with a deadly weapon in the information. Consequently, he was not even subject to the additional penalty provision prescribed by Penal Code, section 3024. We conclude, however, that the special verdict was mere surplusage and of no consequence.. Appellant was not sentenced for assault with a deadly weapon.
 

 A related question arises in connection with the jury’s special finding (and the recital in the judgment) that appellant was armed with a deadly weapon at the time of the commission of the offense of attempted robbery in the first degree. As we have stated, appellant was not charged in the information with being armed with a deadly weapon. In addition, he was not even charged with a prior felony conviction. Thus, he was not subject to the additional penalty provision prescribed by Penal Code section 3024. Therefore, the special finding (and the recital in the judgment) subjects appellant to an additional penalty under Penal Code section 12022 which constitutes double punishment in violation of the rule articulated in
 
 People
 
 v.
 
 Thomsen,
 
 239 Cal.App.2d 84 [48 Cal.Rptr. 455].
 

 The judgment is modified by striking therefrom the following language: “Defendant was armed with a deadly weapon at the time of his commission of the offense or a concealed deadly weapon at’ the time of his arrest within the meaning of Penal Code Section 3024. ’ ’
 

 As modified, the judgment- is affirmed.
 

 Conley, P. J., and Stone, J., concurred.
 

 [1]
 

 The court gave CALJIC 210 which provides: “Rohhery is the felonious taking of personal property of any value in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.” (CALJIC 210.)
 

 [2]
 

 In
 
 People
 
 v.
 
 Sanchez, supra,
 
 35 Cal.2d 522, the defendant, who had been drinking, took the automobile after an altercation with the person to whom it had been entrusted. Under these circumstances the defendant’s motives for talcing the automobile were not clear, and the failure to instruct the jury on the necessity of a specific intent to steal was deemed prejudicial. Unlike
 
 Sanchez,
 
 the evidence in the present case gives no indication that the defendant might have any other motive for taking property than to keep it and the rationale of
 
 People
 
 v.
 
 Stone
 
 applies. Similar to
 
 People
 
 v.
 
 Sanchez, supra,
 
 in
 
 People
 
 v.
 
 Garcia,
 
 169 Cal.App.2d 368 [337 P.2d 100], the defendant had been drinking.