[Crim. No. 407. Fifth Dist. Apr. 5, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES DABNEY, Defendant and Appellant.

Haven P. Courtney, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Frank O. Bell, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

CONLEY, P. J.—James Dabney was accused in the information of four felonies committed at or in the vicinity of South Dos Palos in Merced County; count I charged that the appellant and three other defendants, who are not involved in this appeal, namely, Ronnie Adams, Lawrence Anderson, Jr., and Daniel Oliver, Jr., were guilty of burglary by entering the building of Wood's TV Store at Sixth and "N" Streets in South Dos Palos, with the intent to commit theft therein; count II accused the same defendants of burglary when they entered the gun club building of Tony Fazio, located on Eucalyptus Road, near Dos Palos, with the intent to commit theft; count III charged the same men with a third burglary by wilfully and unlawfully entering the gun club building of Paul Hunger on Eucalyptus Road with the intent of commit-

ting theft therein; count IV charged them with grand theft contemporaneously with the burglary alleged in count I when four television sets from Wood's TV Store of a value in excess of $200 were stolen.

The trial occupied five days and resulted in verdicts of guilty against the appellant on count III (the Hunger burglary); on count IV, the grand theft of television sets from the Wood's store; but not guilty of count II (the Fazio burglary). The jury also found Lawrence Anderson, Jr., guilty of the same two charges of which Dabney was convicted (counts III and IV), and not guilty of the Fazio burglary (count II); Ronnie Adams was guilty of the Wood's grand theft charge but not guilty of the Fazio burglary. The court declared a mistrial on count III insofar as the defendant Adams was concerned, and held that the defendants were not guilty as to count I, presumably due to the fact that they were convicted on count IV, and that the burglary and theft of the television sets constituted in effect one illegal transaction as to which two convictions were improper insofar as penalty was concerned. James Dabney appealed on the two counts as to which he was convicted, that is to say, count III, the Hunger burglary, and count IV, the grand theft of television sets from the Wood's television store.

We shall not spend much time in stating the details of the evidence inasmuch as the appellant does not contend that it was insufficient, if believed by the jury, to warrant convictions on the two counts.

Without doubt there was ample proof of a burglary of the Hunger hut, which was used primarily by duck hunters during the hunting season. A stove, a table and chairs were removed by one or more persons who entered the building with the evident intent to steal the furniture. These articles of personal property were moved by truck to South Dos Palos; appellant there approached Louis Brown, asking if he wanted to buy the furniture; Mr. Brown refused, and appellant later attempted without success to sell it to a woman in the same town; as it was not sold, it was stored in a house rented by a Mr. Ellis and was found there by police officers early on the following morning.

With respect to the grand theft charge, the truck approached the Wood store early in the post-midnight darkness of March 12-13; there was a sound of shattered glass at the store front and several men entered and removed four new television instruments from the show window. The appellant

apparently cut his hand on the broken glass when the window was shattered. A small amount of blood was left on a portion of the broken glass and appellant's hand and pants pocket were bloody. The television instruments were located that same morning by the police at the Ellis house already referred to and were identified by Mr. Wood as the stolen property.

Two grounds only are urged by appellant for a reversal; (1) it is first claimed that prejudicial error was committed by the court in its instructions relative to intoxication, and (2) it is urged that the trial judge was guilty of prejudicial misconduct in making certain remarks during the course of the trial.

The contention with respect to claimed erroneous instructions is based on the following partial charge made by the court: ''Our law provides that 'no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition.'

''This means that drunkenness, if the evidence shows that the defendant was in such a condition when allegedly he committed a crime charged, is not of itself a defense in this case. It may throw light on the occurrence and aid you in determining what took place, but when a person in a state of intoxication, voluntarily produced by himself, commits a crime such as that charged against the defendants in this case, the law does not permit him to use his own vice as a shelter against the normal legal consequences of his conduct.''

Appellant inferentially claims that there was such heavy drinking by all of the accused during the night of this carnival of crime that the appellant and the others were so thoroughly intoxicated that they could not form the necessary specific intent in each instance to commit the crime. It is unquestionably true that both burglary and grand theft require a specific intent. In order to obtain a conviction for burglary, the prosecution must prove that the entry was made with the specific intent ''to commit grand or petit larceny or any felony.'' (Pen. Code, § 459; *People* v. *Manfredo*, 210 Cal.App.2d 474, 478 [26 Cal.Rptr. 817]; *People* v. *Green*, 228 Cal.App.2d 437, 439 [39 Cal.Rptr. 612].) It is also true that proof of theft requires proof of a specific intent to convert the property to the thief's own use. (Pen. Code § 484; *People* v. *Matlock*, 51 Cal.2d 682, 694 [336 P.2d 505, 71 A.L.R.2d 605]; *People* v. *Coon*, 38 Cal.App.2d 512, 516 [101 P.2d 565]; *People* v. *Ford*, 60 Cal.2d 772, 792 [36 Cal. Rptr. 620, 388 P.2d 892] (cert. den. 377 U.S. 940 [12 L.Ed.2d 303, 84 S.Ct. 1342].) It also seems well established that

in crimes requiring a specific intent CALJIC 78-B (Rev.) or a similar instruction should be given (*People* v. *Garcia,* 169 Cal.App.2d 368 [337 P.2d 100]). In the present case, the trial judge did give a correct statement in the course of his charge, although not in the exact language of 78-B (Rev.) (CALJIC, 1967 Cumulative Pocket Parts, p. 75), with respect to the state of mind under which a crime requiring specific intent is committed as follows:

''In the crimes of burglary and grand theft of which each of the defendants are accused in this case, the specific intent to permanently deprive an owner of possession of his property is a necessary element of the crime.

''This fact requires an inquiry into the state of mind under which the defendant committed the act charged, if he did commit it. In pursuing that inquiry, it is proper to consider whether he was intoxicated at the time of the alleged offense. The weight to be given the evidence on that question and the significance to attach to it, in relation to all the other evidence, are exclusively within your province.''

We must conclude, under the following citations, that an error was committed in giving the first instruction of which appellant complains. (*People* v. *Ford, supra,* 60 Cal.2d 772; *People* v. *Spencer,* 60 Cal.2d 64 [31 Cal.Rptr. 782, 383 P.2d 134]; *People* v. *Arriola,* 164 Cal.App.2d 430, 434 [330 P.2d 683].) The question remains whether in the circumstances of the present case such error compels a reversal; it is our conclusion that the giving of the instruction in question did not constitute reversible error here. It is inferable that the jury must have understood that proof of specific intent was necessary to constitute the crime of burglary from the fact that it found the defendants not guilty of the burglary alleged in the second count. Furthermore, the evidence of the crimes as to which the verdict was guilty was so overwhelming that we cannot assume that the error in question was prejudicial. (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243]; *People* v. *Spencer, supra,* 60 Cal.2d 64, 87-89.)

 The second point urged for a reversal is that the trial court in making comments on the very extensive and contradictory evidence was guilty of prejudicial misconduct. At the end of one day's testimony the judge said: ''THE COURT: .... I've had enough of this case for today and I think everybody else has.'' It can hardly be claimed realistically that this constituted prejudicial error. No doubt everyone was tired after the day's long and repetitive testimony.

The court further said at a later point in the trial: "The Court: Somebody said he was eating pork chops, the other says he's eating turkey neck that was hopping all around. We have menues [*sic*] and drinks and everything else but what we are concerned with is whether they stole or did not steal some TV sets or break into some place. This case is going to finish this afternoon, Gentlemen, so far as the evidence is concerned, because I can't take any more of this stuff, I am going to tell you."

Furthermore, the trial judge is charged with prejudicial error when he made a comment on the testimony as to excessive drinking, which was as follows: "The Court: I think if half of these people drank as much as they testified to here in this case they would be so paralyzed drunk it would take them a month to get over it. This thing is getting to a point of absurdity to the amount of liquor there is alleged to have been consumed. He can testify to it, of course. It's up to the jury to believe it or disbelieve it."

The trial court would have done better not to make these comments, but it should not be forgotten that there is a duty on the part of the judge presiding at a trial to see that accusation and defense are presented efficiently and in this instance there was testimony on both sides that was so drawn out, contradictory, and uncertain that the trial court may properly be excused for evidencing a desire to move along without needless delay toward completion. The California Constitution, article VI, section 10, states: "The court may make such comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the cause." (See also Pen. Code §§ 1093, subd. 6, and 1127; *People* v. *Friend,* 50 Cal.2d 570 at pp. 577-578 [327 P.2d 97].) It is true that the remarks were made here during the taking of testimony rather than at the time of instructing the jury. But the constitutional provision seems to be broad enough to allow these comments. However, even if one or more of the court's comments were erroneous two considerations point to a lack of prejudice:

1) The judge seems to have made it clear to the jury that they were the exclusive judge of the facts and that his opinion was not binding on them; at the time of one of the alleged prejudicial remarks, the judge specifically told the jury that it was not bound by his opinions and that it must make all factual determinations for itself; the principle that the jury

is the exclusive judge of the facts was also brought out on several occasions in the course of the court's instructions;

2) We have not been able to find in the record any objection to the judge's remarks or any request for instructions as to principle in addition to the charge actually given to the effect that the jury was the exclusive judge of the facts and that the trial judge's opinions were in no sense binding on it.

In any event it seems to this court that there was no error that would justify a reversal, particularly in view of the clear proof of the commission of the two crimes for which the appellant was convicted.

The judgment is affirmed.

Stone, J., and Gargano, J., concurred.

A petition for a rehearing was denied May 2, 1968.