Opinion
ALARCON, J.
Defendants have appealed from the judgments of conviction entered against each for violation of section 311.2 of the Penal Code.
Several contentions of the appellants require discussion because they raise issues of first impression.
First. The trial court erred in failing to instruct sua sponte that section 311.2 of the Penal Code is a crime requiring proof of specific intent. No case is cited in support of this contention. The trial court instructed the jury on general intent. We are satisfied that it was error for the court to fail to instruct on specific intent. A crime is deemed to be one involving specific intent where the definition consists of the description of a particular act and refers to the intent to do some further act (People v. Hood (1969) 1 Cal.3d 444, 456-457 [82 Cal.Rptr. 618, 462 P.2d 370]). Section 311.2 describes a particular act—possession, preparation, publication, or printing any obscene matter with intent to distribute or exhibit to others. The mere act of possessing, preparation, publication, or printing is insufficient to prove the crime without evidence of an intent to do a further act—distribution or exhibition.
The failure of a court to instruct sua sponte on specific intent can be prejudicial depending on the facts and defenses presented to the jury. *Supp. 13 (People v. Nichols (1967) 255 Cal.App.2d 217, 223 [62 Cal.Rptr. 854].) Here the crucial question presented to the jury was not whether the matter was intended to be distributed but whether it was obscene or, as to some defendants, whether they had knowledge of the content of the material. The defendants did not deny that the materials were possessed with the intent to distribute. The only defense presented was that similar matter was available for sale at 10 or 11 other bookstores. Therefore, the error was not prejudicial.
Second. The court erred in failing to instruct that the standards to be used were those of the “homosexual community.” The trial court instructed the jury as follows:
“In order to find that matter is obscene, each of the following elements must be proved:
“1. It is matter taken as a whole, the predominant appeal of which to the average adult person, applying contemporary standards in the State of California, is to the prurient interest, that is, a shameful or morbid interest in [nudity] [sex] [or] [excretion]; and
“2. It is matter which taken as a whole goes substantially beyond the customary limits of candor in the State of California in the description or representation of such matters; and
“3. It is matter which taken as a whole is utterly without redeeming social value or importance.” (CALJIC No. 16.182 (3d ed. 1971).)
“The contemporary community standard referred to in these instructions is set by what is, in fact, acceptable to the community as a whole, not by what some person or persons may believe the community as a whole ought to accept. Ascertainment of the standard must be based upon an objective determination of what affronts, and is unacceptable to, the community as a whole. Your own personal, social or moral views on material such as that charged in the complaint may not be considered.
“For the purposes of determining the obscenity of the material here in question the controlling community is the entire State of California. In that regard, you may consider evidence concerning the standard of any local community in the state for such bearing, if any, as you may determine it has upon the question of what the state-wide standard is. The standard of any such local community may not be taken in and of *Supp. 14 itself, to establish the state-wide standard, though it may be considered as some evidence of what the state-wide standard is.
“The term ‘average adult person’ as used in these instructions is a hypothetical composite person who typifies the entire community including persons of both sexes; the religious and the irreligious; of all nationalities and all adult ages; all economic, educational and social standings; neither a libertine nor a prude, but with normal, healthy, average contemporaiy attitudes, instincts and interests concerning sex.”
No instructions were offered by the defendants concerning the standards of the “homosexual community.” No evidence was presented by either side as to the existence of a “homosexual community,” as to the meaning of that term, or that the standards of homosexuals differ from those of heterosexuals or the average adult person as to the customary limits of candor in the depiction or representation of matters which appeal to a prurient interest, i.e., to a shameful or morbid interest in sex.
We have viewed the exhibits in this matter. No evidence was necessary to establish that the appeal of the matter distributed by these defendants was to the sexual interests of homosexuals. The exhibits depicted adult males engaged in sodomy, mutual masturbation and fellatio. These are unquestionably acts of sexual gratification within the understanding of the average adult person. As stated by the Court of Appeal in Landau v. Fording (1966) 245 Cal.App.2d 820 [54 Cal.Rptr. 177], with reference to a depiction of fellatio and sodomy “it should be readily apparent from the preceding description that the film goes far beyond customary limits of candor in offensively depicting certain unorthodox sexual practices and relationships.”
Penal Code section 311, subdivision (a)(1), provides that “The predominant appeal to prurient interest of the matter is judged with reference to average adults unless it appears from the nature of the matter or the circumstances of its dissemination, distribution or exhibition, that it is designed for clearly defined deviant sexual groups, in which case the predominant appeal of the matter shall be judged with reference to its intended recipient group.” This language was added to the Penal Code to comply with Mishkin v. New York (1966) 383 U.S. 502 [16 L.Ed.2d 56, 86 S.Ct. 958]. In Mishkin, appellant argued that books which portray deviant sexual practices, including lesbianism, were not obscene because they do not appeal to the prurient interest of the average person in sex. The Supreme Court rejected this argument in the *Supp. 15 following language, in 383 U.S. at pages 508-509 [16 L.Ed.2d at page 62]: “Where the material is designed for and primarily disseminated to a clearly defined deviant sexual group, rather than the public at large, the prurient-appeal requirement of the Roth test is satisfied if the dominant theme of the material taken as a whole appeals to the prurient interest in sex of the members of that group. The reference to the ‘average’ or ‘normal’ person in Roth, 354 U.S., at 489-490, does not foreclose this holding. In regard to the prurient-appeal requirement, the concept of the ‘average’ or ‘normal’ person was employed in Roth to serve the essentially negative purpose of expressing our rejection of that aspect of the Hicklin test, Regina v. Hicklin, [1868] L.R. 3 Q.B. 360, that made the impact on the most susceptible person determinative. We adjust the prurient-appeal requirement to social realities by permitting the appeal of this type of material to be assessed in terms of the sexual interests of its intended and probable recipient group; and since our holding requires that the recipient group be defined with more specificity than in terms of sexually immature persons, it also avoids the inadequacy of the most-susceptible-person facet of the Hicklin test.” (Fns. omitted.)
As the result of the Mishkin rule the prosecution is not required to prove that the matter would appeal to the prurient interest of an average heterosexual adult person whose sexual interest is confined to conventional sexual activity. A conviction may be sustained on appeal if “measured in terms of the sexual interests of its intended and probable recipient group [citation omitted] or to the average person, applying contemporary standards, the predominant appeal of the film taken as a whole is to the prurient interest.” (Landau v. Fording, supra, at p. 827.) Assuming that it was error not to instruct the juiy in the language of the statute (Pen. Code, § 311, subd. (a)(1)), the only possible harm which could result from this omission would be suffered by the prosecution, not the defendant. The prosecutor ran the risk that some of the jurors would find that the matter was not obscene because they were sickened or disgusted rather than finding the material “ ‘stimulating the erotic’ ” (see Mishkin, supra, at p. 508 [16 L.Ed.2d at p. 62]) because the jurors were not themselves homosexual. In this case it is quite clear from the exhibits that the matter depicted was intended to appeal to the prurient interest of male homosexuals. The films and photographs are the best evidence of what they represent and are sufficient for us to decide that the jury was correct in finding them obscene. (See Paris Adult Theatre v. Slaton (1973) 413 U.S. 49, 56-57 [37 L.Ed.2d 446, 456-457, 93 S.Ct. 2628].) We are not faced with the problem suggested by the Supreme Court in Paris Adult Theatre of reviewing materials “directed at such a bizarre deviant group *Supp. 16 that the experience of the trier of fact would be plainly inadequate to judge whether the material appeals to the prurient interest” (413 U.S. 49 at p. 56, fn. 6 [37 L.Ed.2d 446 at p. 456]). No claim has been made by appellants at the trial stage or before this court that adult male homosexuals constitute a bizarre deviant group within our society nor is there any evidence before this court which would support any such contention.
Third. The court erred in refusing to instruct the jury pursuant to Penal Code section 311.2, subdivisions (b) and (c).
Penal Code section 311.2, subdivisions (b) and (c) provide as follows:
“(b) The provisions of this section with respect to the exhibition of, or the possession with intent to exhibit, any obscene matter shall not apply to a motion picture operator or projectionist who is employed by a person licensed by any city or county and who is acting within the scope of his employment, provided that such operator or projectionist has no financial interest in the place wherein he is so employed.
“(c) Except as otherwise provided in subdivision (b), the provisions of subdivision (a) with respect to the exhibition of, or the possession with intent to exhibit, any obscene matter shall not apply to any person who is employed by a person licensed by any city or county and who is acting within the scope of his employment, provided that such employed person has no financial interest in the place wherein he is so employed and has no control, directly or indirectly, over the exhibition of the obscene matter.”
The defendants were not charged with exhibition, or possession with intent to exhibit. Therefore, subdivisions (b) and (c) of Penal Code section 311.2 are simply inapplicable. Accordingly, no error occurred in refusing to instruct the jury as requested by the appellants.
Appellants’ remaining contentions are without merit.
The judgment of conviction is affirmed as to each appellant.
Cole, P. J., and Wenke, J., concurred.