[Crim. No. 7996. Second Dist., Div. One. May 3, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. BILL BENNETT JONES, Defendant and Appellant.

Mink & Byron and Harvey E. Byron for Defendant and Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was charged with robbery in violation of section 211, Penal Code, and with having been armed with a deadly weapon at the time of its commission; he waived a jury and the matter was submitted on the transcript of the preliminary hearing. The trial court found him guilty and that he had been armed with a dangerous and deadly weapon as alleged, and fixed the degree of the crime to be first degree. Defendant's application for probation was denied and he was sentenced to the state prison; he appeals from the judgment claiming only that the trial court erred in denying probation.

Around 4:30 p. m. defendant entered the back door of a liquor store and demanded "the money" from the clerk; to the latter's answer: "You're kidding," defendant unwrapped a double-barreled sawed-off shotgun and pointed it at the desk. The clerk opened the desk and put the money in a bag; defendant then ordered him to the cash register where he told him to give him all of the currency, halves, and quarters. Taking a quart of Vodka from a shelf, defendant backed out of the door and warned him not to "go to the telephone or anything." About 4:30 p. m. Officer Huie received a radio call concerning the robbery. In the vicinity he saw defendant come from between two houses carrying an object wrapped in a newspaper and asked him what was in the package; defendant told him "a bottle of wine." The officer then instructed him to open the newspaper; as defendant did so he grabbed the handle of the shotgun and stepped back. Told by the officer, who had a gun pointed at his chest, to drop it or he would kill him, defendant laid the gun on the hood of the car and surrendered. After questioning, he admitted the robbery; he said he got the shotgun from a friend. Defendant neither testified nor offered a defense.

Appellant claims the trial judge's denial of probation, without considering the merits of his application, was based on his erroneous view of section 1203, Penal Code. Thus, we are not here concerned with the merits of the order denying probation—only with whether the lower court based its denial on an erroneous view of the probation law. (*People* v. *Hollis,* 176 Cal.App.2d 92 [1 Cal.Rptr. 293].)

The record shows that prior to denying probation, the trial judge not only fully understood and had in mind the effect of section 1203, Penal Code, and was under no misapprehension concerning his discretionary powers thereunder, but considered the merits of defendant's application in determining him to be ineligible for probation; while he made no express finding that the instant case did not fall in the class of "unusual cases where the interest of justice demands a departure from the declared policy," such an implied finding is evident from the judge's declaration of defendant's ineligibility and state prison sentence.

At the outset, the lower court granted defendant permission to make an application for probation; on the day set for hearing thereon and before pronouncement of judgment and sentence, the trial judge declared that he had "read and considered the application and the report of the probation officer." Defendant's counsel then expressed his desire to have a psychiatrist examine defendant, but when the court said there was nothing in the record to require or even suggest it appoint one, for lack of funds counsel abandoned the idea of an independent psychiatric evaluation. Whereupon, the judge questioned defendant concerning his past activities, background and record; then in announcing defendant to be ineligible for probation, he said: " [T]his is an armed robbery. He had a shot gun with two shells in it, and some time later, when the officer approached him, he again unwrapped this gun and put his hand on the trigger and pointed it at the officer . . . this is an armed robbery with a loaded gun. . . ." When counsel stated he believed the court could sentence defendant to the county jail, the judge responded he had "never read any such thing." Counsel said he was possibly mistaken; the judge announced that if he had some law he would "be delighted to read it"; counsel answered, "I will submit it," and probation was denied. Defendant was sentenced to a term in the state prison. After a recess counsel referred to section 1203, Penal Code, and the judge said, "Can you tell me any reason why this is unusual . . . what is unusual about it?" Counsel again argued the contents of the probation report; then the court, considering his request to be a motion to modify, denied the same.

Section 1203, Penal Code, reads in pertinent part: "The Legislature hereby expresses the policy of the people of the State of California to be that, except in unusual cases where the interest of justice demands a departure from the declared

policy, no judge shall grant probation to any person who shall have been convicted of robbery, burglary or arson, and who at the time of the perpetration of said crime or any of them or at the time of his arrest was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted, nor to one who in the perpetration of the crime of which he was convicted wilfully inflicted great bodily injury or torture, nor to any such person unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor previously convicted in any other place of a public offense which would have been a felony if committed in this State.''

Without question the trial court, when pronouncing judgment and sentence, had in mind the provisions of section 1203, Penal Code, and fully understood that it could not grant probation to defendant unless it found his case to be one of the ''unusual'' cases mentioned therein. At the outset the court granted defendant's request to file an application for probation and set the matter down for hearing, from which it may be fairly inferred that the court knew it was possible, in the event it found defendant's case to be unusual, to grant probation even in the case of a first degree robbery in which a dangerous and deadly weapon had been used. In furtherance of this possibility the court considered the application and read and considered the probation officer's report and so stated; from this it may also be assumed that he could find nothing therein that would take the case out of the mandatory rule set forth in section 1203. Thereafter the court declared this fact—that it had found nothing unusual about the case. ''If it conceived this to be an 'unusual' case in which the interest of justice demanded a departure from the general policy, it did have the duty to entertain appellant's application and the discretionary power to grant it.'' (*People* v. *Hollis*, 176 Cal.App.2d 92, 99 [1 Cal.Rptr. 293].) Having read and considered the probation report, having read the transcript of the testimony of the preliminary hearing, and having considered his background and past record, the court determined that defendant's case was not unusual. Thus, the court then had no discretion in the matter and could do nothing but sentence defendant to the state prison. (*Stephens* v. *Toomey*, 51 Cal.2d 864 [338 P.2d 182].)

The fact that after he impliedly found that defendant's case was not unusual under section 1203 and declared him to be ineligible for probation, the trial judge stated he had ''never read any such thing''—that defendant could be sentenced to the county jail—means little more than that aside from the exception mentioned in section 1203 which he had already considered, he knew of no way in which one convicted of armed robbery with a dangerous and deadly weapon could be sentenced on a county level.

Appellant has made no showing herein that the lower court's denial of probation was based on any erroneous view of the probation law; on the contrary, the record shows it apprehended and understood the provisions of section 1203, Penal Code, properly determined defendant not to be eligible thereunder, and sentenced him accordingly.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.