[Crim. No. 10804.   Second Dist., Div. Three.   Dec. 22, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. HOWARD DALE BERNARD, Defendant and Appellant.

Alan R. Golden, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

KAUS, J.—By information defendant was charged with two counts of forgery. (Pen. Code, § 470.) The information also charged him with two prior felony convictions. Defendant admitted the two prior convictions and on his plea of "not guilty" to the two forgery counts, the case went to trial before a jury. After some testimony was produced, defendant waived the jury, a certain stipulation concerning further evidence was entered into and defendant was found guilty by the court. Thereupon ensued a conversation between Mr. Olson, defendant's counsel, defendant and the court which is set forth in the footnote and which forms the

entire basis of this appeal.[1] Arraignment for judgment was then waived, and defendant was sentenced to serve two concurrent terms in the state prison. The court also stated: "It does appear to the court that the defendant probably needs psychiatric assistance . . . the court recommends that the defendant be committed to Vacaville in serving his term."

On appeal defendant contends that the trial court failed to exercise its discretion to order a presentence probation report and that he did not knowingly and intelligently waive his right that the court order such a report.

As advanced, defendant's argument is doubtful, to say the least. In concentrating on the question of the presentence probation report defendant overlooks what is really the vital error below, namely the assumption first announced by the public defender and concurred in, with displeasure, by the court, that defendant was not eligible for probation.

Under section 473 of the Penal Code forgery is punishable by imprisonment in the state prison for not less than one nor more than 14 years or by imprisonment in the county jail for

---

[1] "MR. OLSEN: Your Honor, at this time the defendant desires to waive any right he may have to a probation officer's report and desires to waive any deferral of time for sentence, and requests that the Court pronounce sentence forthwith.

"In this regard, I would call the Court's attention to the fact that this defendant spent approximately eighteen months in a State mental hospital within a period of approximately one year immediately preceding this incident. On the basis of the contacts that I have had with the defendant, and because of that prior commitment, I think the defendant would still benefit by further psychiatric help, and knowing that the Court has no choice now except to sentence him to the State Prison, I would urge the Court to recommend to the Adult Authority that they consider at least placing him at the Vacaville State institution where he can receive further psychiatric help.

"THE COURT: Mr. Bernard, under the circumstances, you do waive such right as you may have to a probation officer's report, knowing that if the Court sentences you at this time it will be to State Prison for the term prescribed by law on each of these two counts?

"THE DEFENDANT: It is my understanding that your hands are tied in this matter.

"THE COURT: Having admitted the two prior felony convictions against you, it would appear to the Court that that is so. The law says that a person who has previously been twice convicted of a felony is not eligible for probation.

"THE DEFENDANT: I so waive.

"THE COURT: Incidentally, the Court feels that every time the Legislature ties the Court's hands and does not allow the Court to use discretion, the Legislature is doing a great disservice to the public. Not that there would be any difference in your case, I don't know, but if you need hospitalization or mental treatment, and so forth, there is a possibility that it might make a difference."

not more than one year. If a county jail sentence is imposed the crime is a misdemeanor. (Pen. Code, § 17.) The second paragraph of section 1203 of the Penal Code which authorizes the court to grant probation in all misdemeanor cases has been authoritatively interpreted as superseding all restrictions found in the third and fourth paragraphs of that section. (*People* v. *Alotis,* 60 Cal.2d 698, 707-708 [36 Cal.Rptr. 443, 388 P.2d 675].) We are unable to distinguish between the restriction involved in *Alotis,* namely the use or attempted use of a deadly weapon and the restriction involved here, the prior convictions.

Since it is obvious from the quoted portion of the record that the court was unaware of its discretion to grant probation by imposing a county jail sentence and since there is nothing to indicate that probation would have been denied even if the court had been aware of its discretion, the court should be given an opportunity to exercise its discretion. (*People* v. *Gotto,* 138 Cal.App.2d 165 [291 P.2d 41].)

We do not believe that our conclusion is contrary to the result reached by Division Four of this court in *People* v. *Johnson,* 236 Cal.App.2d 63, 67 [45 Cal.Rptr. 619]. There the defendant had been found guilty of grand theft which, like forgery, may be a misdemeanor if punished by imprisonment in the county jail. Replying to the argument that the trial court erred in failing to exercise discretion as to the granting of probation, the court said: ''. . . the contention that defendant was eligible for probation is in error.'' Later the court quoted certain remarks of the trial judge which strongly indicated that he was not disposed to exercise any discretion in Johnson's favor. We do not interpret the statement that defendant was not eligible for probation as meaning that he would not have been eligible, had the court chosen to punish him as a misdemeanant, a necessary preliminary step to bring him within the doctrine of *People* v. *Alotis, supra.*

That portion of the judgment ordering defendant to be punished by imprisonment in the state prison for the term prescribed by law on the two counts of the information is reversed and the cause is remanded to the trial court with directions to exercise its discretion consistent with the views expressed herein and to proceed thereafter in the matter of probation and resentencing of the defendant.

Shinn, P. J., and Ford, J., concurred.