[Crim. No. 2653. Fourth Dist., Div. One. Jan. 10, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WELCH McGILL, Defendant and Appellant.

William R. McBay, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant was found guilty by a jury of violating section 288a, Penal Code, and section 288, Penal Code. The victim of both offenses was a boy more than 10 years younger than defendant. Defendant was sentenced to prison for the offenses. However, execution of the sentence for violation of section 288a was suspended during the period of the section 288 commitment, the stay to become absolute if the 288 sentence should be fully served.

The evidence of guilt was ample, although denied by defendant, who did not, however, deny the opportunities for commission of the offenses.

On appeal defendant asserts that his trial counsel failed to call witnesses who could have established defendant's innocence. The record does not support that claim. He himself did not testify that on the occasion of the alleged offenses anyone was present other than the victim and two other boys who testified for the prosecution. There was discussion in the absence of the jury at the conclusion of the first day's trial as to whether defense counsel should call a certain Dr. Duncan, a psychiatrist who had examined defendant, to testify that defendant was not a sexual psychopath. At that time all other evidence was in. The situation at the evening adjournment on that day was that defense counsel would talk to Dr. Duncan and if he wished to have the doctor testify, would have him present when court should open the following day. The next day defense counsel informed the court that he had talked to Dr. Duncan and thought the doctor's testimony would not be helpful; that defendant rested his case.

Defendant's contention must also be considered to be a claim that he was denied a right to effective counsel.

Representation of defendant will not be declared inadequate except in those rare cases where his counsel displayed such a lack of diligence or incompetence as to reduce the trial to a "farce or a sham." (*People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457].) The record in this case does not even remotely approach such a situation. It reveals that the public defender was active in the trial; he cross-examined the People's witnesses, vigorously presented all aspects of defense, placed defendant on the stand, examined him; requested the cautionary instruction, which was given; argued the matter to the court; and appeared at the time for hearing on the application for probation and pronouncement of judgment and sentence. Appellant's bare allegation that his defense counsel was derelict in not calling "numerous witnesses" is without merit. (*People* v. *Gaines*, 58 Cal.2d 630, 634-635 [25 Cal.Rptr. 448, 375 P.2d 296]; *People* v. *Lugo*, 220 Cal.App.2d 54, 59 [33 Cal.Rptr. 572]; *People* v. *Seals*, 191 Cal.App.2d 734, 738-739 [13 Cal.Rptr. 7].)

Defendant contends also that he was denied his right to a speedy trial. The information was filed on April 8, 1966; the trial commenced June 13, 1966; meanwhile, on April 8, 1966, the trial was set for May 16, 1966; on May 16, the trial was continued until May 18; on May 18, defendant being present with his counsel, the criminal proceedings were suspended pursuant to section 1368, Penal Code, two medical doctors were appointed to examine defendant, and June 10 was set as the time to try the question of defendant's then present sanity; trial of the criminal case was continued to June 13. On June 10, defendant being present with his counsel, the proceedings under section 1368, Penal Code, were suspended, the criminal proceedings reinstated, and the trial date of June 13 confirmed.

When the trial date was fixed for a date 66 days after the filing of the information, defendant made no objection. Under such circumstances, consent to the setting is presumed. (*People* v. *Wilson*, 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452].) In any event, in view of all the circumstances, it cannot be said that there was no good cause for the fact that the case was not tried within the 60-day period. A delay caused by a proceeding to determine a defendant's present sanity provides good cause. (*People* v. *Hocking*, 140 Cal.App.2d 778 [296 P.2d 59].)

In the post-conviction phase the court, on June 17, 1966, ordered the criminal proceedings suspended and made an

order fixing July 5 as the time for hearing of a proceeding to determine whether defendant was a mentally disordered sex offender; a duplicate original of the order fixing the time for such hearing, appointing two psychiatrists and fixing time for defendant's examination by the doctors was served on defendant; on July 5 defendant, knowing the contents of the written reports to the court by the two doctors, stated through his counsel that he wished to contest the finding of the doctors contained in their reports; the matter was then continued for hearing until July 8; the two doctors were ordered to be present at that time, and defendant was advised that additional witnesses and evidence might be presented on July 8; on July 8, after the examination of one witness, the further hearing was postponed until July 22; the defendant meanwhile was to have additional physical and psychological examinations; on July 22, the two medical doctors were both sworn and examined; at the conclusion of the evidence the court stated he found defendant to be a mentally disordered sex offender who would not benefit by care and treatment in a state hospital; the mentally disordered sex offender proceedings were terminated.

There was no error in the manner in which the mentally disordered sex offender proceeding was handled. The form of certification by the trial judge to the superior court has not been made a part of the record on appeal; nor have the order appointing the psychiatric physicians and setting the time for hearing and the order determining defendant to be a mentally disordered sex offender who would not respond to care and treatment. We are satisfied from the record before us that such certification and orders were made and recognize that the trial court's jurisdiction to pronounce judgment depended upon the correctness of the proceeding for determination whether defendant was a mentally disordered sex offender and its proper termination (*People* v. *Fuller*, 226 Cal.App.2d 331, 333 [38 Cal.Rptr. 25]; *People* v. *Succop*, 67 Cal.2d 785 [63 Cal.Rptr. 569, 433 P.2d 473]). Defendant personally and through counsel waived a statement by the court as to defendant's rights in such a proceeding. The fact that the judge before whom the criminal trial was held also conducted the civil proceedings under former sections 5500 et seq., Welfare and Institutions Code, does not mean that the criminal proceedings were not suspended (cf. *People* v. *Howerton*, 40 Cal.2d 217, 219 [253 P.2d 8]). Former section 5511.7, Welfare and Institutions Code, permitted the court at the original

hearing under the provisions of that code to find whether defendant would respond to care and treatment in a hospital.

After the termination of that proceeding the criminal proceedings resumed; defendant was arraigned for judgment. The court had received a probation officer's report in connection with the mentally disordered sex offender proceeding, and did not request a second probation officer's report; the matter was discussed; defense counsel stated: "I personally see no necessity for it, your Honor." Further along the following occurred: "THE COURT: I would like to know the position of the defendant. Does he feel it would be to his advantage in having another probation report, and does he want it? It just means keeping him in the County jail for three more weeks, because I don't see how the probation officer will change his report. If he wants it, I would like to know.

"MR. SCOLES: I know what Mr. McGill would say. He wants whatever the law allows. I, as his counsel, I can't convince him right here at the bench that it would be unnecessary, and just be a waste of his time.

"I should state that Mr. McGill's only concern, and about the only statements he makes to me, and has made in the last two or three weeks, are that he wants a new trial."

The court then considered as made a motion for new trial, which was denied.

After judgment had been pronounced the court inquired of the probation officer who was present if anything else could be added to the report previously made, to which the officer stated: "I think our reports and the doctors' reports are inclusive. I can't think of anything else."

 The court did not in terms deny probation; and expressed the opinion that defendant was ineligible for probation in view of the fact that the district attorney stated for the record he opposed the granting of probation.

Section 1203, Penal Code, as amended, permits the granting of probation to a defendant convicted of either of the crimes of which defendant was convicted only: "*In unusual cases . . . in which the interests of justice would best be served thereby, . . . with the concurrence of the district attorney. . . .*"

Language found in *People* v. *Ware,* 241 Cal.App.2d 143, 144-145 [50 Cal.Rptr. 252], in dealing with the provisions of the third paragraph of section 1203, suggests that in order to make a person convicted of an offense wholly ineligible, the

court should make an express finding that the case is not an unusual one where the interests of justice demand a departure from the declared policy of the Legislature.

If defendant were ineligible for probation, the failure of the trial court to obtain a second report from the probation officer would be immaterial. (*People* v. *Ware, supra,* 241 Cal. App.2d 143, 146.) The short lapse of time from the obtaining of the report provided for by former section 5503.5, Welfare and Institutions Code, would not itself require the obtaining of a second report. The shortness of the elapsed time since the first report was rendered distinguishes the case from such cases as *People* v. *Rojas,* 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300] ; *People* v. *Keller,* 245 Cal.App.2d 711 [54 Cal.Rptr. 154] (cf. *People* v. *Miller,* 186 Cal.App.2d 34, 37 [8 Cal.Rptr. 578]).

■ The report called for by former section 5503.5, Welfare and Institutions Code, is not the same as that called for by section 1203, Penal Code. While both speak of a report covering the circumstances surrounding the crime and the prior history and record of the defendant, the Penal Code section also calls for the written recommendations of the probation officer, including his recommendation as to whether probation should be granted or denied, a matter irrelevant to the report to be made under former section 5503.5, Welfare and Institutions Code. While the court is not bound to follow such recommendation of the probation officer, he has the duty to read it as a part of the report; it is something the court should take into consideration. In considering an application for probation of a defendant not ineligible for probation, the report of the probation officer furnished under former section 5503.5, Welfare and Institutions Code, is not the same as the report and recommendations called for by section 1203, Penal Code. While the latter might incorporate the former by reference, something additional is required.

■ In the present case it appears the court based its finding of defendant's ineligibility for probation upon the fact that the district attorney expressed opposition to the granting of probation. The question of the district attorney's concurrence does not arise unless the court should find that the case is an unusual one where the interests of justice would be best served by the granting of probation. The very fact that the court requested the district attorney's expression of opinion creates an ambiguity as to what the judge thought on the subject. It cannot have been the legislative intent that the

voiced opposition of the district attorney to the granting of probation should relieve the trial judge of the duty of exercising his discretion to determine if the case is an unusual one in which the interests of justice would best be served by the granting of probation.

*People* v. *Jones,* 203 Cal.App.2d 228 [21 Cal.Rptr. 290], dealt with a crime listed in what is now the third paragraph of section 1203, Penal Code. The granting of probation to one convicted under such circumstances did not require the concurrence of the district attorney, but was permitted only in "unusual cases where the interest of justice demands a departure from the declared policy." In that case the upper court held that the trial court impliedly found that the case was not an unusual one.

There is no such implied finding evident here because of the court's statement that defendant's ineligibility for probation resulted from the district attorney's opposition. While we may speculate that the court would in any event have denied probation to one he had found to be a mentally disordered sex offender not amenable to treatment in a state hospital, a due regard for the precedence owing to the horse over the cart requires a holding that the trial court must not base its determination of eligibility for probation on the attitude of the district attorney without an independent determination by the court that the case is not an unusual one within the meaning of section 1203. (See *People* v. *Hollis*, 176 Cal.App.2d 92, 97 [1 Cal.Rptr. 293].)

It might be said that no prejudice could result to defendant from the procedure followed by the court, since the right to grant probation would require concurrence of the district attorney, who has indicated he would not concur. Nonetheless, the attitude of the district attorney might well be different if he were called upon to give or refuse concurrence in the face of a determination by the court that the ends of justice would best be served by the granting of probation.

The judgment is reversed and the cause remanded to the superior court for the purpose of making a determination as to whether the case is an unusual one within the meaning of the fifth paragraph of section 1203, Penal Code; if the determination is in the negative, judgment should then be pronounced; only if such finding be in the affirmative should it be necessary to obtain the probation officer's report called for by section 1203, Penal Code.

Brown (Gerald), P. J., and Coughlin, J., concurred.