[Crim. No. 3515.   Fourth Dist., Div. One.   Feb. 3, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD WHELCHEL, Defendant and Appellant.

Michael J. Feinberg for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald) P. J.—Richard Whelchel pleaded guilty to receiving stolen property with knowledge it was stolen (Pen. Code, § 496, subd. 1). Upon motion by the district

attorney, the court dismissed two counts charging him with burglary and grand theft. He was not charged with and he did not admit any previous felony convictions. At sentencing, however, the probation officer's report indicated Whelchel had four previous felony convictions in the State of Washington. The trial court said Whelchel's case did not call for state prison, but held it had no discretion because Whelchel's record made him ineligible for probation. Whelchel's appeal does not attack the validity of his guilty plea; it asserts errors in the subsequent proceedings determining the degree of his crime and his eligibility for probation. (*People* v. *Ward,* 66 Cal.2d 571, 575-576 [58 Cal.Rptr. 313, 426 P.2d 881].)

█ It is apparent the trial court construed its power and discretion too narrowly. The court stated its view Whelchel's case did not call for state prison, yet the record does not reflect whether consideration was given to adjudging his crime a misdemeanor as authorized under Penal Code, section 496, subd. 1. Had this been done, Whelchel would have been eligible for probation despite his previous felony convictions (*People* v. *Bernard,* 239 Cal.App.2d 36, 38 [48 Cal.Rptr. 490]).

It also appears the trial court did not make an independent evaluation of Whelchel's case to determine whether it presented an unusual situation within the contemplation of Penal Code, section 1203, paragraph 5. That paragraph provides in unusual cases, in the interests of justice and with the concurrence of the district attorney, the court may grant probation to one convicted of a felony who has twice before been convicted of a felony. Here, as in *People* v. *McGill,* 257 Cal.App. 2d 759 [65 Cal.Rptr. 482], the court apparently based its finding Whelchel was ineligible for probation upon a voiced opposition to probation by the deputy district attorney present at the hearing. Actually, the deputy district attorney stated his file had a notation his office "would take no position" on Whelchel's sentencing which the deputy construed as "Apparently, we have indicated we would not do so [concur in probation] here." Upon this representation the court stated there was nothing more to talk about.

The trial court indicated it may have determined this an unusual case both by its remark this was not a state prison case and a remark it probably would have considered probation if it could have. At best, the record creates an ambiguity as to what the court thought on the matter. The attitude of the district attorney (also ambiguously expressed in the file

notation) might well be different if he were called upon to give or refuse concurrence in the face of a finding by the court the case was unusual and the ends of justice would best be served by probation (*People* v. *McGill, supra,* 257 Cal.App. 2d 759, 765).

Whelchel's counsel attempted to object to the felonies listed in the probation report on the ground they had not been proved. If Whelchel has evidence showing error in the probation report or legal insufficiency of the listed out-of-state felony convictions he should be given an opportunity to produce that evidence. (*People* v. *Valdivia,* 182 Cal.App.2d 145, 149 [5 Cal.Rptr. 832].)

The judgment is reversed and the cause remanded to the superior court for determining, consistent with this opinion, the degree of Whelchel's crime; if the crime be determined a misdemeanor, whether probation should be granted; if determined a felony, whether the case is an unusual one within the meaning of the fifth paragraph of Penal Code, section 1203 and to allow evidence, if any there is, testing the validity of the previous felonies listed in the probation report.

Coughlin, J., and Whelan, J., concurred.