Jane DOE et al., Plaintiffs,

v.

Robert CARLESON et al., Defendants.

Elizabeth TAYLOR et al., Plaintiff,

v.

Robert MARTIN et al., Defendants.

Civ. Nos. 71–864RFP, C–69–666RFP.

United States District Court,
N. D. California.

March 13, 1973.

**754**

---

Jerold A. Prod, Deputy Atty. Gen., Los Angeles, Cal., for defendants Carleson and Martin.

Dennis R. Powell, Maurice R. Jourdane, David H. Kirkpatrick, Richard A. Gonzales, California Rural Legal Assistance, Salinas, Cal., for plaintiff Jane Doe.

Ralph Santiago Abascal, Jay-Allen Eisen, Edmund S. Schaffer, San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiff Elizabeth Taylor.

### MEMORANDUM AND ORDER GRANTING SUPPLEMENTAL RELIEF

PECKHAM, District Judge.

These cases involve the right of the state welfare department to require co-operation of AFDC recipients in obtaining convictions of spouses for non-support. In Taylor v. Martin this Court convened a panel of three judges who found § 11477(b) Cal.Wel. & Inst.Code, in violation of the Social Security Act. The *per curiam* opinion, 330 F.Supp. 85 (N.D.Cal.1971) was summarily affirmed by the Supreme Court, *sub nom.* Carleson v. Taylor, 404 U.S. 980, 92 S.Ct. 446, 30 L.Ed.2d 364 (1971). The order in *Taylor* granted a *preliminary injunction* against enforcing the provision requiring execution of a non-support complaint as a condition of eligibility.

In Doe v. Carleson, a related case, three other subsections of the above statute were tested, § 11477(a)(c)(d) as further warranted conditions of eligibility. On July 18, 1972 the parties in *Doe* stipulated to the injunction and provided that the court should retain jurisdiction to determine the appropriateness of further relief,[1] and the court so ordered. No final judgment has been entered in either case. Perhaps in *Doe* it might be more correct to say a permanent injunction was stipulated to, with the court retaining jurisdiction.

On March 5, 1973 pursuant to Rule 42 of the Federal Rules of Civil Procedure, there being no objection from the parties, upon motion of the plaintiffs in *Taylor*, the Court ordered consolidation of these two actions for the purpose of determining whether supplemental relief is warranted.

Plaintiffs in both actions seek an order from this court requiring defendants to advise welfare recipients of their rights under the orders of this court in *Doe* and *Taylor*. In other words plaintiffs ask the court to effectuate its order by requiring defendants to inform welfare recipients at the time when they are asked to interview with the District Attorney, that they are under no obligation to disclose the whereabouts or identity of the absent father, or execute a criminal complaint; that such cooperation, while possibly in the recipients in-

---

1. A request for a three judge court was withdrawn when it became apparent that the provisions of the Social Security Act and not the Constitution compelled the injuncting of § 11477. Saddler v. Winstead, 332 F.Supp. 130 (N.D.Miss.1971).

terest, and the interest of the public, is not required as a condition of eligibility.

Since the date of the court's order in *Doe*, there have been flagrant attempts on the part of defendant and his agents to mislead recipients, assembled for the Court in the record herein.

After the court entered its order in *Doe*, defendant Carleson wrote a letter to all county welfare departments. After explaining that welfare benefits could no longer be terminated for failure to cooperate by interviewing with the district attorney, etc. defendant Carleson continued speaking of the court's order.

"It is NOT required that an applicant or recipient be told that she has no obligation to answer questions or to be interviewed by the district attorney concerning these matters, and she should NOT be so advised." (emphasis in original).

Under applicable federal and state regulations defendants have a duty to insure that applicants are informed about the eligibility requirements and their rights and obligations under the program. 45 C.F.R. 206.10(a)(2); Cal. Wel. & Inst.Code § 10500 and regulation 40–107.1 of the State Department of Social Welfare Eligibility and Assistance Manual. See Diaz v. Quitoriano, 268 Cal. App.2d 807, 74 Cal.Rptr. 358 (1969). Defendant Carleson has in his letter to the local boards, taken the position, contrary to regulations that recipients are not to be advised of their obligations under the program, presumably even if they inquire about those obligations.

As the record illustrates defendants and their agents have taken the position that they may implicitly and even explicitly threaten the termination of welfare benefits for failure to cooperate, and so long as benefits are not actually terminated, the Court's order is not violated.

This position suggests a lack of candor that borders on the contemptuous, and is in apparent violation of state and federal regulations. However sympathetic this court may be in having non-supporting parents bear their appropriate share of the cost of rearing a child, this end may not be brought about by questionable methods.

In Sutter County for example, welfare investigators have been, notwithstanding this court's order in *Doe*, sending out letters on the District Attorney's letterhead setting appointments for interviews with that office concerning absent parents. These letters end with the following sentence, all in capital letters: "FAILURE ON YOUR PART TO KEEP THIS APPOINTMENT MAY RESULT IN DISCONTINUANCE OF YOUR AID." This court has specifically held that a failure to keep such an appointment may not result in discontinuance of aid. Such misstatements can only be calculated to mislead the recipient.

Therefore plaintiff's motion for supplemental relief is hereby granted. Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them who receive actual notice of this order are hereby ordered as supplemental relief to this court's orders in *Taylor* and *Doe* not to instruct, or advise members of the plaintiff's class, contrary to law, that benefits may be terminated for failure to comply with the requirements of Cal.Wel. and Inst.Code § 11477. It is further ordered that defendant Carleson implement procedures within thirty days from the date of this order to affirmatively insure that recipients are informed that their cooperation or lack thereof within the meaning of Cal.Wel. & Inst.Code § 11477 will not affect their eligibility.

So ordered.